(No. 45034.-

KAST JOHN TATAR v. MAXON CONSTRUCTION COM-PANY.—(Maxon Construction Company, Appellant, v. Freesen Bros., Inc., Appellee.)

*Opinion filed March 20, 1973.*

DUANE L. TRAYNOR of TRAYNOR & HEND-RICKS, of Springfield, for appellant.

GRIFFIN, WINNING, LINDNER, NEWKIRK & COHEN, of Springfield (ALFRED F. NEWKIRK and HERMAN G. BODEWES, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

The plaintiff, Kast John Tatar, filed suit in the circuit court of Sangamon County and in his complaint alleged that the defendant—third-party plaintiff, Maxon Construction Company, Inc. (hereafter Maxon) was the general contractor in charge of the construction of a power plant in Springfield; that plaintiff was employed by Freesen Bros., Inc. (hereafter Freesen), a subcontractor for grading and leveling work; that while plaintiff was working near the building being constructed, in an area where only Maxon's employees were working, he was struck by a wooden beam, which, as the result of Maxon's negligence, fell from the top of the building; and that he was injured. Maxon was the sole defendant named in the complaint.

Maxon answered plaintiff's complaint, and filed a

third-party complaint against Freesen alleging that it, as the general contractor, had entered into a contract with Freesen as a subcontractor to perform certain work and that the subcontract contained the following provision:

> "19. INDEMNIFICATION AGAINST CERTAIN LIABILITIES.
>
> The Subcontractor agrees to indemnify the General Contractor and the Principal and to hold each of them forever harmless from and against all expenses, claims, suits, or judgments of every kind whatsoever, by or on behalf of any person, firm or corporation, by reason of, arising out of, or connected with, accidents, injuries, or damages, which may occur upon or about the Subcontractor's work. Liability insurance policies shall be maintained by the Subcontractor such as will protect the Subcontractor, the General Contractor, and the Principal from claims for damage to property, and injury to persons, including death to any person or persons, which may arise out of Subcontractor's work. Such policies of insurance, and all other policies of insurance required by the Contract Documents, shall be open to the inspection of the General Contractor, and the Subcontractor shall, if required by the General Contractor, furnish properly authenticated certificates of such policies of insurance from insurance companies acceptable to the General Contractor."

Maxon's third-party complaint prayed that the "third party defendant, Freesen Bros. Inc., indemnify and hold harmless the third party plaintiff against loss or expense incurred by reason of the charges of the complaint of the plaintiff, Kast John Tatar, against defendant and third party plaintiff, Maxon Construction Company, Incorporated."

Freesen moved to dismiss the third-party complaint, and upon allowance of the motion the circuit court entered judgment in its favor. Maxon appealed, the appellate court affirmed (3 Ill. App. 3d 352), and we allowed Maxon's petition for leave to appeal.

It is the contention of Maxon that the indemnity provision is clear and unambiguous and is broad enough to indemnify it against claims arising out of its own negli-

gence. Freesen contends that the appellate court correctly interpreted the agreement and the judgment should be affirmed.

The leading case in this jurisdiction on the question involved here is *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp., 395 Ill. 429,* in which the court said at page 432: "It is a general rule governing the construction of contracts that unless a contract is ambiguous, its meaning must be determined from the words used; and courts will not, because a more equitable result might be reached thereby, construe into the contract provisions that are not therein." The court further said, "It is quite generally held that an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract [citations], or such intention is expressed in unequivocal terms." 395 Ill. at 433.

We have examined the authorities cited by the parties and many of those collected at 27 A.L.R.3d 663, and conclude that the contractual provisions involved are so varied that each must stand on its own language and little is to be gained by an attempt to analyze, distinguish or reconcile the decisions. The only guidance afforded is found in the accepted rule of interpretation which requires that the agreement be given a fair and reasonable interpretation based upon a consideration of all of its language and provisions.

The indemnity agreement provides that Freesen will indemnify Maxon "against all expenses, claims, suits, or judgments of every kind whatsoever *** by reason of, arising out of, or connected with, accidents, injuries, or damages, which may occur upon or about the Subcontractor's work." The provision for insurance requires Freesen to maintain policies "such as will protect the Subcontractor, the General Contractor *** from claims for damage to property, and injury to persons, *** which may arise out of Subcontractor's work." Although the indemnity agree-

ment is clearly intended to be less restrictive than the provision for liability insurance, we conclude that when measured against the standards set forth in *Westinghouse,* it does not, under the circumstances alleged in the pleadings, provide indemnity against claims arising out of Maxon's own negligence, and the judgment of the appellate court is, accordingly, affirmed.

*Judgment affirmed.*