CHARLES ZADAK *et al.*, v. DALE LYNN CANNON *et al.*—(Sunbeam Corporation, Defendant and Third-Party Plaintiff-Appellee, v. Cyclone Blow Pipe Company, Third-Party Defendant-Appellant.)

*Opinion filed November 18, 1974.*

Kraloveck, Sweeney, Marquard & Doyle, of Chicago (Edward V. Scoby, of counsel), for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith, Karl M. Tippett, and E. Michael Kelly, of counsel), for appellee.

MR. JUSTICE DAVIS delivered the opinion of the court:

Charles Zadak, who was employed by Cyclone Blow Pipe Company (Cyclone), and Louise Zadak, his wife, filed a four-count suit in the circuit court of Cook County against Sunbeam Corporation (Sunbeam), and Dale Lynn Cannon, one of its employees, for injuries allegedly sustained by Zadak due to Cannon's negligence or wilful conduct in the operation of a certain forklift-type jeep truck. Sunbeam, along with its answer to Zadaks' complaint, filed a third-party complaint against Cyclone based on the indemnification provision of the purchase order which Cyclone accepted. The purchase order provided among other things that Sunbeam, as buyer, orders from

the seller the goods herein specified and such order is given "*** on the express terms and conditions stated herein and on the back of this order, all of which conditions are an integral part hereof and shall be considered as being incorporated herein at this place, in the same manner as though so written or printed here." The order also states that "Shipment against this order shall be deemed acceptance by Seller ·of each of such terms and conditions ***." Condition (k) is pertinent and provides:

> "(k) The seller will insure its liability to pay any compensation to employees engaged by seller in any work covered by or necessitated by, or performed to fill this order on account of any employer's liability act or workmen's compensation act of the Federal Government or of the State or States in which said work is to be performed; seller also will indemnify and hold harmless the buyer of and from any and all suits, claims, liens, damages, taxes or demands whatsoever arising out of any such work covered by, necessitated or performed under this order."

The trial court granted Sunbeam summary judgment against Cyclone on the third-party complaint. The appellate court affirmed (17 Ill. App. 3d 74), and we granted leave to appeal.

Cyclone's answer to the third-party complaint admits that Zadak was its employee and was performing work at the Sunbeam plant pursuant to the contract purchase order.

Sunbeam issued its purchase order, dated July 28, 1969, to Cyclone for certain ventilating equipment. Cyclone admitted that the purchase order and its conditions were in effect on March 18, 1970, the date of the accident, although it contended they were not applicable to the facts of the case. The condition, relating to possible indemnity in this situation, is contained in paragraph (k), which is set forth above.

Cyclone contends that the foregoing clause is not so broad as to include indemnity to Sunbeam for liability

resulting from its own negligence or that of its employee.

In *Westinghouse Electric Elevator Co. v. La Salle Building Corp.* (1946), 395 Ill. 429, we were called upon to construe a contract containing an indemnity clause wherein the contractor agreed to hold harmless an owner against liability arising out of the acts of the contractor, or his agents, in the course of the work to be done under the contract. Under the clause there considered, we had to determine if the owner were entitled to indemnity from liability resulting from his own negligence. On pages 432 and 433, we stated:

"It is a general rule governing the construction of contracts that unless a contract is ambiguous, its meaning must be determined from the words used; and courts will not, because a more equitable result might be reached thereby, construe into the contract provisions that are not therein. [Citation.] In construing a contract which purports on its face to be a complete expression of the entire agreement, courts will not add thereto another term, about which the agreement is silent."

In *Westinghouse,* we concluded that the language in the contract agreeing to indemnity was specifically limited to acts or omissions of the contractor or his agents. We refused to read into the contract language requiring the contractor to indemnify the owner against the latter's own negligence, and at page 433, we further stated: "It is quite generally held that an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract [citations], or such intention is expressed in unequivocal terms."

*Westinghouse* does not say that an indemnity agreement may not be entered into: all it requires is that to accomplish this purpose there should be explicit language or an unequivocal expression of intent.

Recently, in *Tatar v. Maxon Construction Co.* (1973), 54 Ill.2d 64, we had occasion to reaffirm the general rules of *Westinghouse* set forth above. In *Tatar,* the clause providing for indemnity covered all claims "by reason of, arising out of, or connected with, accidents, injuries, or damages, which may occur upon or about the Subcontractor's work." (54 Ill.2d 64, 66.) We declined to extend such a clause to include indemnity against one's own negligence.

We also noted in *Tatar* that it served no useful purpose to attempt to analyze or reconcile the numerous cases interpreting indemnity clauses. Each depends upon the particular language used and the factual setting of the case. "The only guidance afforded is found in the accepted rule of interpretation which requires that the agreement be given a fair and reasonable interpretation based upon a consideration of all of its language and provisions." *Tatar v. Maxon Construction Co.* (1973), 54 Ill.2d 64, 67.

The provision before the court in this case is more restrictive than that considered in *Tatar.* Here, the applicable clause refers to claims "arising out of any such work"—"such work" being that performed by Cyclone's employees under the contract. In *Tatar,* indemnity was to cover all claims by reason of, or arising out of, or connected with, accidents, injuries or damages occurring on or about the subcontractor's work in question.

The indemnity provisions in this case, like that in *Tatar,* do not require by clear and explicit language that Sunbeam be indemnified against its own negligence. We refuse to extend the provisions to cover one's own negligence.

The appellate court in this case felt that our reference, in *Tatar,* to the clause relating to insurance suggested that the language of that clause qualified the broad language contained in the indemnity clause. We did not intend such a suggestion. We referred to the provision relating to insurance coverage only to illustrate that while it was more

restrictive than the provision relating to indemnity, the latter still was not broad enough to protect one against his own negligence. 54 Ill.2d 64, 67-68.

Sunbeam also urges that paragraph (*l*) of the contract affords them indemnity in this case. The clause provides:

"(*l*) In consideration of the acceptance of this order, seller agrees to defend, protect and save harmless the buyer, or any of its customers, against all suits at law or in equity, and from all damages, claims and demands for actual or alleged infringement of any United States or foreign patent, or any trade-mark or copyright, or for any other actual or alleged injury to property or person, and to defend or assist in the defense of any suit or action which may be brought against the buyer or any of its customers, by reason of any alleged infringement or any other claim of any kind resulting from the purchase, sale or use of the goods, commodities, products and items covered by this order."

We think it even more apparent that this clause affords absolutely no protection to Sunbeam in this case from liability resulting from the negligence of its own employees. This clause must be given a fair and reasonable interpretation based upon the entire contract and its commercial setting. Certainly it would afford protection against claims resulting from and related to the product sold or its installation by the seller. If the product were defective or its installation negligently done, Sunbeam clearly would be given protection under this clause. Injuries caused by Sunbeam's own employees to one of Cyclone's employees installing the product are not "resulting from" the product sold.

For the reasons stated herein the judgments of the appellate and circuit courts are reversed and the cause remanded for further proceedings consistent herewith.

*Reversed and remanded, with directions.*