SIMONE CORPORATION, Defendant-Third-Party Plaintiff-Appellant, *v.* BUILDERS ARCHITECTURAL PRODUCTS, Third-Party Defendant-Appellee.

(No. 73-423; )

Second District (1st Division)—May 23, 1975.

Judge, Hunter & Schirott, of Park Ridge (James R. Schirott and Jay S. Judge, of counsel), for appellant.

McKenna, Storer, Rowe, White & Haskell, of Chicago (Robert S. Soderstrom, of counsel), for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

Simone Corporation (hereinafter Simone) appeals from the trial court's order granting a motion for summary judgment filed by Builders Architectural Products, Inc. (hereinafter Builders) on a third-party complaint filed by Simone against Builders.

The basic issue presented is whether an indemnity agreement contained in a contract entered into between Simone and Builders requires Builders to indemnify Simone for claims arising out of Simone's negligence.

From the pleadings it appears that Strobeck, Reiss and Company was the owner of certain described premises; that Simone was the general contractor of a certain project thereon; that Simone had subcontracted a portion of the work to Builders; that Builders, in turn, had subcontracted a portion of the work to Crescent Glass Co.; and that Glen Kaska was an employee of Crescent Glass Company. Glen Kaska filed a complaint against Simone on September 1, 1971, by which he sought to recover for injuries which he allegedly sustained in a fall from a defective step ladder due to the negligence of Simone. On October 8, 1971, Simone filed its answer to Kaska's complaint, denying liability. Kaska then filed an amended complaint in two counts against Simone and Strobeck Reiss and Company. The first count of the complaint was based upon the alleged negligence of Simone and the second count was based upon an alleged violation of the Structural Work Act (Ill. Rev. Stat. 1971, ch. 48, par. 60 *et seq.*). Simone then filed a third-party complaint against both Builders and Crescent Glass Company, which was later amended and named only Builders as the third-party defendant. The third-party complaint was based upon an indemnification provision contained in a contract drafted by Simone and entered into on February 10, 1969 between Simone and Builders. This provision obligated Builders:

"* * * to fully and unconditionally protect Simone Corporation * * * against any and all claims for damages to property or persons *by virtue of your [Builders] work.*" (Emphasis added.)

Builders filed an answer to Simone's third-party complaint and a motion for summary judgment. On August 21, 1973, the trial court granted Builders' motion for summary judgment and made an express written finding

that there is no just reason to delay appeal of the order (see Ill. Rev. Stat. 1971, ch. 110A, par. 304).

Simone contends that the trial court erred in granting Builders' motion for summary judgment because (1) a question of fact exists as to which party's negligence caused Kaska's injuries, thus precluding summary; and (2) assuming Simone's negligence caused Kaska's injuries, the indemnification provision above quoted is sufficiently broad to require Builders to indemnify Simone for Simone's own negligence.

■■ Simone's first contention, that a question of fact exists which precludes summary judgment, is not well taken. The simple answer to this contention is that in its amended third-party complaint Simone fails to raise the issue of whether the negligence of Simone or Builders caused Kaska's injuries. In fact, none of the pleadings filed in the case suggest in any way that Builders' negligence caused Kaska's injuries. It appears that Builders was not on the jobsite in any capacity and had subcontracted the particular work in progress to Kaska's employer, Crescent Glass Company. Therefore, no issue of fact exists in the instant case which precludes the entry of summary judgment. It can thus be seen that the entry of summary judgment will be affirmed or reversed depending upon whether the contract provision in question is sufficiently broad to require Builders to indemnify Simone for Simone's own negligence.

■■ It may be noted at the outset that the issue of whether an indemnity clause is broad enough to protect an indemnitee from the consequences of his own negligence is not a new issue in Illinois nor in other jurisdictions. (See generally 27 A.L.R.3d 663.) The problem posed by this issue led the Illinois legislature to enact legislation voiding hold-harmless clauses in construction contracts which provide indemnification for the consequences of an indemnitee's own negligence. (See Ill. Rev. Stat. 1971, ch. 29, par. 61-63.) This statute, however, has no application to the instant case since it applies only to contracts entered into after September 23, 1971.

Simone's position on appeal is that the effect of the phrase "by virtue of your work" contained in the above-quoted indemnity clause is that Builders has agreed to assume full responsibility for injuries "for which the execution of its work presented a stage upon which causal agencies could act." In our view, applying the applicable standards of review, such an interpretation of the phrase used is not warranted and we find that the clause does not clearly express an intent to cover the consequences of Simone's own negligence.

■■ In a leading case on this issue, *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.* (1946), 395 Ill. 429, 70 N.E.2d 604,

the Illinois Supreme Court had occasion to consider whether a party to a contract was entitled to indemnity from liability resulting from his own negligence. The court noted the following general rule of contract interpretation:

> "It is a general rule governing the construction of contracts that unless a contract is ambiguous, its meaning must be determined from the words used; and courts will not, because a more equitable result might be reached thereby, construe into the contract provisions that are not therein. [Citation.] In construing a contract which purports on its face to be a complete expression of the entire agreement, courts will not add thereto another term, about which the agreement is silent." (395 Ill. 429, 432-33, 70 N.E. 2d 604, 606.)

In finding that the contract provision in question unambiguously limited indemnity to the acts or omissions of the indemnitor or its agents, the court noted the following:

> "It is quite generally held that an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract [citations], or such intention is expressed in unequivocal terms." 395 Ill. 429, 433, 70 N.E.2d 604, 607.

In *Tatar v. Maxon Construction Company* (1973), 54 Ill.2d 64, 294 N.E.2d 272, the supreme court reaffirmed the general rules established in *Westinghouse* and further noted that it would serve no useful purpose to attempt to analyze, distinguish or reconcile the numerous cases interpreting indemnity clauses because the provisions involved are so varied. Each case depends upon the particular language used and the factual setting of the case. The court further noted:

> "The only guidance afforded is found in the accepted rule of interpretation which requires that the agreement be given a fair and reasonable interpretation based upon a consideration of all of its language and provisions." (54 Ill.2d 64, 67, 294 N.E.2d 272, 273-74.)

Recently, in *Zadak v. Cannon* (1974), 59 Ill.2d 118, 319 N.E.2d 469, the supreme court reaffirmed the principles established in both *Westinghouse* and *Tatar*.

■■ In *Tatar*, the third-party defendant agreed to indemnify the third party plaintiff " 'against all expenses, claims, suits, or judgments of every kind whatsoever * * * by reason of, arising out of, or connected with, accidents, injuries, or damages, which may occur upon or about the Subcontractor's work.' " (54 Ill.2d 64, 66.) The court held that this language, when measured by the *Westinghouse* standard, did not provide indemni-

fication against claims arising out of the indemnitee's own negligence. In our view, the operative language employed in the instant case—"by virtue of your [Builders] work"—is even more restrictive in its scope than that used in *Tatar*. We find that this language is not the clear and explicit language which would require that Simone be indemnified against its own negligence. Rather, it is clear that by this clause, Builders assumed the obligation of indemnifying Simone for damages due to injuries suffered by virtue of Builders' work. Accordingly, the order of the trial court granting Builders' motion for summary judgment is hereby affirmed.

Judgment affirmed.

SEIDENFELD, P. J., and HALLETT, J., concur.