ROLLIE L. BARGER, Plaintiff, *v.* SCANDROLI CONSTRUCTION CO., Defendant and Third-Party Plaintiff-Appellant.—(MENDIUS ASSOCIATES, INC., Intervening Petitioner and Third-Party Defendant-Appellee.)

Second District (2nd Division)    No. 75-198

Opinion filed May 12, 1976.

Richard D. Gaines, of Welsh, Holmstrom, Hyzer, Jacobson & Worden, of Rockford, for appellant.

Karl F. Winkler, of Roszkowski, Paddock, McGreevy & Johnson, of Rockford, for appellee.

Mr. JUSTICE DIXON delivered the opinion of the court:

This action was commenced by plaintiff Barger against a general contractor to recover damages for personal injuries incurred during a construction accident. The general contractor Scandroli Construction Co., filed a third-party action against Barger's employer (a subcontractor) seeking contractual indemnity. Barger's personal injury action was settled and his complaint dismissed. After stipulating the facts each third party moved for summary judgment. The circuit court of Winnebago County gave summary judgments in favor of the subcontractor. The contractor appeals.

The issue concerns the validity of an agreement by a subcontractor who was not negligent to indemnify a general contractor against liability for damages to an employee of the subcontractor arising from the consequences of the contractor's own negligence.

■■ Such agreements if expressed by clear and explicit language were valid in Illinois *(Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.,* 395 Ill. 429, 433; *Tatar v. Maxon Construction Co.,* 54 Ill. 2d 64; *Zadak v. Cannon,* 59 Ill. 2d 118) until September 23, 1971, when the legislature declared them "void as against public policy and wholly unenforceable" (Ill. Rev. Stat. 1971, ch. 29, pars. 61-63) but only as to agreements entered into after the effective date of the new act. The present agreement was made July 14, 1969. The pertinent article of the agreement is as follows:

> "Sub-contractor shall indemnify and save harmless the Owner, Architect and Contractor against any and all claims and demands for damages to the property of any person, firm or individual and for personal injuries (including death) arising out of or caused, in whole or in part, by the execution of the work, or caused, in whole or in part, by any fault or neglect of Sub-Contractor or its agents, servants and employees, whether the damages or injuries be sustained by any employee of Sub-Contractor, Contractor, Owner or Architect, or otherwise, and whether said claims or demands arise or are made under any provision of any workmen's compensation act or other law or statute, or otherwise.
>
> 'Work' as defined in the agreement shall mean the work, materials, matters and things required to be done and furnished by Sub-Contractor."

■■ Contracts indemnifying parties against losses caused by their own negligence are subject to a strict construction *(Leach v. Eychaner,* 1 Ill. App. 3d 327, 329) and will not be construed as indemnifying one against his own negligence unless such a construction is required by clear and explicit language in the contract or such intention is expressed in unequivocal terms. *Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.,* at 433; 21 Ill. L. & Pr. *Indemnity* §6 (1956) Annot., 68 A.L.R. 3d 7, 68 (1976); Annot., 27 A.L.R. 3d 663 (1969).

It requires no extraordinary skill in draftmanship to bind a subcontractor in words or phrases of absolute certainty as to require him to indemnify the contractor for the latter's own negligence. Nothing prevents the contractor from employing such language if such was his intent. Requiring a specific reference to responsibility for acts of the contractor not only makes sure the subcontractor is aware of the extent of his liability but also informs him of the advisability of protecting himself by insurance against acts of persons other than himself.

The claims which the subcontractor indemnifies against are very often (as here) specified as those "arising" out of or "caused" from the work of the subcontractor. In such cases in Illinois the liability of the subcontractor has been denied. *Tatar v. Maxon Construction Co.*, 54 Ill. 2d 64, 67; *Knickerbocker Roofing & Paving Co. v. Mendius Associates, Inc.*, 95 Ill. App. 2d 96, 101.

It is true that since *Westinghouse*, there have been Illinois cases which made inroads into its view. *(Mesker Bros. Iron Co. v. Des Lauriers Column Mould Co.,* 8 Ill. App. 3d 113, 115.) But the doctrine of *Westinghouse* was reaffirmed by the Supreme Court in *Tatar v. Maxon Construction Co.,* at 67, and *Zadak v. Cannon,* 59 Ill. 2d 118, 121; also see *Simone Corp. v. Builders Architectural Products,* 28 Ill. App. 3d 595, 598.

The indemnity provisions in this case, like that in *Tatar,* do not require by clear and explicit language that Scandroli be indemnified against its own negligence. Accordingly the judgments of the trial court are affirmed.

Affirmed.

T. J. MORAN, P. J., and RECHENMACHER, J., concur.