Otis E. KELLEY, Plaintiff,

v.

MARATHON OIL COMPANY, Defendant, Third Party Plaintiff-Appellant,

v.

SHEEHAN PIPELINE CONSTRUCTION COMPANY, Third Party Defendant-Appellee.

No. 81–1584.

United States Court of Appeals, Seventh Circuit.

Argued Jan. 6, 1982.

Decided May 6, 1982.

Russell K. Scott, Dunham, Boman & Leskera, East St. Louis, Ill., for defendant, third party plaintiff-appellant.

David A. Bloch, Burroughs, Simpson, Wilson, Hepler, Broom & McCarthy, Edwardsville, Ill., for third party defendant-appellee.

Before CUMMINGS, Chief Judge, MARKEY, Chief Judge,* and POSNER, Circuit Judge.

CUMMINGS, Chief Judge.

This appeal involves Count III of a third-party diversity complaint that Marathon Oil Company filed against Sheehan Pipeline Construction Company. According to this pleading, Marathon and Sheehan entered into a February 12, 1971, contract providing for Sheehan to perform certain work pursuant to Marathon job orders. The job order in question here was executed by Marathon on November 29, 1978, and accepted by Sheehan on December 1, 1978. That job order required Sheehan to provide boiler-makers, pipefitters, laborers and a general foreman to work at Marathon's Robinson, Illinois, refinery during certain times commencing on December 11, 1978.

One of the boilermakers provided by Sheehan pursuant to the job order, Otis Kelley, was injured at the Marathon refinery on December 20, 1978. The accident occurred while he was removing chain hoists from an overhead rail. Kelley and his co-workers were employed by Sheehan but the district court subsequently ruled that they were working under the supervision of a Marathon foreman, and that the crane involved was owned by Marathon and operated by one of Marathon's employees.

Kelley sued Marathon, and Marathon impleaded Sheehan for indemnity and contribution. Count III of Marathon's amended complaint charged that the accident was covered by Paragraph XI of the contract between Marathon and Sheehan, which provided as follows:

INDEMNITY

CONTRACTOR [Sheehan] hereby agrees that MARATHON shall not be liable or responsible for, and CONTRACTOR shall save and hold MARATHON harmless from and against, any and all claims and damages of every kind, for injury to or death of any person or persons and for damages to or loss of any property, arising out of or attributable, directly or indirectly, to the operations, acts or omissions of CONTRACTOR hereunder. CONTRACTOR shall likewise indemnify MARATHON for any or all injury or damage to property or employees of MARATHON arising out of or attributable, directly or indirectly, to the operations, acts or omissions of CONTRACTOR hereunder.

Relying on this provision of the contract, Marathon sought indemnity from Sheehan for any amount which might be awarded to Kelley on his complaint against Marathon.

Thereafter Sheehan filed a motion to dismiss Count III of the third-party complaint on the ground that the contractual indemnity would relieve Marathon of its own negligence. Such an indemnity provision would supposedly be void as against public policy under Ill.Rev.Stat. ch. 29, § 61, which provides as follows:

With respect to contracts or agreements, either public or private, for the construction, alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

Alternatively, Sheehan asserted that the indemnity provision would not be construed

* The Honorable Howard T. Markey, Chief Judge of the United States Court of Customs and Patent Appeals, is sitting by designation.

under Illinois common law to indemnify Marathon for its own negligence, citing *Tatar v. Maxon Construction Co.*, 54 Ill.2d 64, 65, 294 N.E.2d 272 (1973) and *Zadak v. Cannon*, 59 Ill.2d 118, 319 N.E.2d 469 (1974).

On January 16, 1981, the district court granted Sheehan's motion to dismiss Count III of the third-party complaint but without giving any basis for the dismissal. Five days later judgment was entered on the jury's verdict against Marathon awarding $475,000 damages to Kelley. The only question before us is whether Count III was properly dismissed. We affirm.

The effective date of Ill.Rev.Stat. ch. 29, § 61 upon which Sheehan relies was September 23, 1971. Marathon asserts that this statute voiding contracts to indemnify another person from that person's own negligence does not apply to the February 12, 1971, contract between Marathon and Sheehan. In turn Sheehan contends that the statute is applicable because the contract underlying the job orders was amended on February 10, 1975 and February 8, 1978, and the particular job order here was executed by Marathon on November 29, 1978, and accepted by Sheehan on December 1, 1978. We need not decide whether the amendments or job order make the statute applicable because under Illinois common law the indemnity clause does not cover liability for Marathon's own negligence.

*Davis v. Marathon Oil Co.*, 64 Ill.2d 380, 1 Ill.Dec. 93, 356 N.E.2d 93 (1976) is exactly on point. *Davis* involved a 1958 independent contractor's agreement under which Davis supposedly indemnified Marathon from suit for injuries. Clause 10 of that agreement read:

> [Defendant] shall not be liable for and [plaintiff] shall save and hold [defendant] harmless from all claims for injury to or death of any person or persons and for damages to or loss of property, attributable directly or indirectly to the operations of [plaintiff].

64 Ill.2d at 396, 1 Ill.Dec. 93, 356 N.E.2d 93. Applying *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.*, 395

Ill. 429, 70 N.E.2d 604 (1946), *Tatar v. Maxon Construction Co.*, 54 Ill.2d 64, 294 N.E.2d 272 (1973) and *Zadak v. Cannon*, 59 Ill.2d 118, 319 N.E.2d 469 (1974), the Illinois Supreme Court reiterated the Illinois common law rule that "an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract, * * * or such intention is expressed in unequivocal terms." 64 Ill.2d at 397, 1 Ill.Dec. 93, 356 N.E.2d 93 (quoting *Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.*, 395 Ill. 429, 433–434, 70 N.E.2d 604 (1946)) (citations omitted). The indemnity clause used by Marathon in this case is virtually identical to the indemnity used by Marathon in *Davis*. Since *Davis* held that there was "neither explicit language nor an unequivocal expression of intent in the clause at issue" there, 64 Ill.2d at 397, 1 Ill.Dec. 93, 356 N.E.2d 93, the same observation applies here.

For a contrary holding, Marathon relies on *Spurr v. LaSalle Construction Co.*, 385 F.2d 322 (7th Cir. 1967). However, the indemnity provision in that case more plainly covered the indemnitee's negligence than the indemnity provision between Marathon and Sheehan does here, and even required the indemnitor to maintain liability insurance and to furnish the indemnitee "satisfactory evidence that he has complied with all of the stipulations of this Article." 385 F.2d at 329–330. Furthermore, our construction of the indemnity in *Spurr* predated the Illinois Supreme Court's decisions in *Davis, Tatar* and *Zadak*.

Judgment affirmed.