[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 18, 1997
This case was tried to a jury which, on May 8, 1997, rendered its verdict in favor of the plaintiff. The jury awarded the plaintiff $117,000 in economic damages and $376,000 in noneconomic damages for a total damage award of $493,000. The jury found comparative negligence of 15 percent against the plaintiff reducing the verdict to $419,050, and assigned 60 percent liability to defendant Benincasa Construction (Benincasa) and 25 percent to defendant Bourke and Mathews General Contracting, Inc. (Bourke). Bourke claims rights of indemnity pursuant to its contract, dated November 1, 1991, with its subcontractor Artisans Makers of Fine Homes, Inc. (Artisans).
This action claimed damages for personal injuries to a construction worker (plaintiff) who fell through an uncovered stairwell opening during the construction of a single family dwelling. The prime contractor was the defendant Bourke who hired Artisans to perform the framing work. As Artisans was basically a lumber yard which supplied building materials to a job site, Artisans subcontracted its framing work to Benincasa.
Bourke's right to indemnity rests solely upon any right to same afforded in the November 1, 1991 contract. The evidence disclosed that this subcontract (Bourke and Mathews exhibit 3) never was signed by Bourke, the party seeking to enforce its CT Page 12625 indemnity provision. Furthermore, the evidence disclosed that said contract was not signed by Christopher Phillips on behalf of Artisans until approximately two weeks after the plaintiffs fall on November 6, 1991.
The indemnity clause of the subcontract purports to indemnify the contractor (Bourke and Mathews) "from any and all claims, damages, losses . . . arising out of or resulting from the performance of the subcontractor's (Artisans) work under the subcontractor. Clearly, Artisans did no work on the construction site as their sole function was to deliver lumber to the site; however, the indemnity clause goes on to indemnify Bourke and Mathews against any ". . . injury, loss or expense . . . caused in whole or in part by negligent acts or omissions of the subcontractor, the subcontractor's subcontractor, anyone directly or indirectly employed by them . . . regardless of whether or not such claim, damage or loss . . . is caused in part by a partyindemnified hereunder." (Emphasis added.)
Clearly, Bourke cannot claim indemnification for damages resulting from liability imposed on Benincasa Construction as such is not its liability. The jury specifically limited Bourke's liability to 25 percent of the verdict. Therefore, Bourke is seeking indemnification with respect to liability imposed upon it by the jury for separate and distinct acts or failure to act of its employee and/or agent Robert Campbell, and is resting its right to indemnification on a contract which it never signed and is attempting to indemnify and save itself harmless from its own negligence. The jury decided that Bourke was in fact negligent and that its negligence was a proximate cause of the plaintiffs injuries and damages.
The court believes that it is against public policy to allow a party to indemnify itself against its own negligence. SeeNorfolk W.R. Co. v. Hardinger Transfer Co., 415 F. Sup. 507
(D.C. Pa.); Commander v. BASF Wyandotte Corp., 978 F.2d 924 (5th Cir. 1992); Frazier v. Columbia Gas Development Corp.,596 F. Sup. 429 (W.D. La. 1984); Binswanger Glass Co. v. BeersConstr. Co., 234 F.2d 363 (1977); Barger v. Scandroli Constr.Co., 347 N.E.2d 207; Mosley v. Northwestern Steel Wire Co.,394 N.E.2d 1230 (1979); Indiana State Highway Com. Thomas,346 N.E.2d 252; Darin and Armstrong, Inc. v. Ben Agree Co., 276 N.W.2d 869
(1979); Heat Power Corp. v. Air Products Chemicals, Inc.,578 A.2d 1202 (1990); Wyoming Johnson, Inc. v. Stag Industries, Inc.,662 P.2d 96 (1983). CT Page 12626
Therefore, the court enters judgment in favor of Artisans Makers of Fine Homes and Benincasa Contracting, Inc. on the cross-complaint of the defendant Bourke and Mathews General Contracting, Inc.
Skolnick, J.