**WILLOW BEND NATIONAL BANK, Appellant,**

v.

**COMMONWEALTH MORTGAGE CORPORATION, Appellee.**

No. 05-85-01120-CV.

Court of Appeals of Texas, Dallas.

Oct. 22, 1986.

Rehearing Denied Dec. 9, 1986.

Lindy D. Jones, Laura L. Worsham, Dallas, for appellant.

Steven A. Harr, Dallas, for appellee.

Before AKIN, HOWELL and HOLLINGSWORTH, JJ.

AKIN, Justice.

Willow Bend National Bank appeals from a judgment, rendered in a trial before the court, for the amount of a letter of credit issued to Commonwealth Mortgage Corporation. Willow Bend contends that the trial court erred in concluding that Commonwealth had made a proper presentment of a draft under the letter of credit and that Willow Bend wrongfully dishonored the draft. We do not agree. Accordingly, we affirm.

The controlling issue is whether the letter of credit had to be endorsed by a "negotiating bank" prior to presentment to Willow Bend for payment or whether such endorsement was optional with Commonwealth. If the letter of credit was required to be so endorsed, the presentment for payment did not comply with its terms. If this endorsement of the letter of credit was discretionary with Commonwealth, then the presentment did comply, and Willow Bend was obligated to honor it. We hold that the letter of credit need not be endorsed by a negotiating bank prior to presentment. Consequently, the presentment by Commonwealth was proper and Willow Bend was obligated to honor the presentment by payment.

■ If the presentment by the beneficiary strictly complies with the terms of the letter of credit, then the issuer has no choice but to honor its obligations thereunder and pay according to those terms. *Westwind Exploration, Inc. v. Homestate Savings Association,* 696 S.W.2d 378, 381 (Tex.1985). To determine if Commonwealth has strictly complied with the contractual terms of the letter of credit, we must consult the terms of and, if necessary, construe, the letter. This determination is a question of law for the Court to decide. *Id.*

■ Letters of credit are governed by the rules of construction applicable to ordinary contracts. *Republic National Bank of Dallas v. Northwest National Bank of Fort Worth,* 578 S.W.2d 109 (Tex.1979). A letter of credit is generally construed most strongly against the party who wrote it and in a manner that reaches a result consistent with the intent of the parties. *Republic,* 578 S.W.2d at 115. In determining the intent of the parties, the court is not limited to the literal meaning of the words, for while words will not be implied in an otherwise clear and specific contract, the terms of the contract may themselves show an intent on the part of the parties to imply such omitted terms. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 519 (Tex.1968). We apply these principles of law to the facts of this case.

■ Commonwealth, an established Dallas business, loaned a certain sum of money to Thorn Investment, a customer of Willow Bend, for condominium construction. As part of that transaction, Thorn was required to obtain a letter of credit payable to Commonwealth upon Thorn's default in repayment of the loan. Willow Bend issued the requisite letter of credit, which provides in pertinent part as follows:

> We hereby establish our Irrevocable Letter of Credit in your favor, for account of Thorn Investment Corporation for US $250,000.00 (Two Hundred Fifty Thousand and no/100) *available* in whole or in part *by your drafts at sight on Willow Bend National Bank*—Plano, Texas ... *A draft drawn under this Letter of Credit must be marked "Drawn under*

**14**

*Willow Bend National Bank Letter of Credit No. 00002." The amount of the draft must be endorsed on reverse hereof by negotiating bank.* [Emphasis added]

The very first sentence states that the credit is payable by Commonwealth's "drafts at sight." That language creates an instrument payable upon demand, TEX. BUS. & COM.CODE ANN. section 3.108 (Vernon 1968), but does not suggest that Commonwealth must negotiate drafts through an intermediary. Rather, that language suggests that Commonwealth may present its drafts and obtain payment to Willow Bend on its own demand. If the parties had intended that drafts were payable only through an intermediary bank, this intent was not expressed in the instrument. For instance, Willow Bend could have added the phrase "and negotiated through any other bank" to the end of the first sentence and achieved the desired effect. Likewise, Willow Bend could have added another sentence stating that "A draft drawn under this Letter of Credit must be negotiated through a bank other than Willow Bend." Since no such language was appended to the letter of credit, we conclude that no conditions existed on Commonwealth's right to present sight drafts directly to Willow Bend.

■ Nevertheless, Willow Bend argues that endorsement of the amount of the draft on the credit by a negotiating bank is a condition precedent that subjects Commonwealth to dishonor for noncompliance. We do not agree. Conditions are not favored and clauses of a contract will be construed as conditions only if reasonably subject to that interpretation, *Hohenberg Bros. v. George E. Gibbons & Co.,* 537 S.W.2d 1, 3 (Tex.1976); *Hanson Southwest Corporation v. Dal-Mac Construction Company,* 554 S.W.2d 712, 720 (Tex.Civ. App.—Dallas 1977, writ ref'd n.r.e.). It is a rule of construction that a forfeiture by finding a condition precedent is to be avoided when possible under another reasonable reading of the contract, *Schwarz-Jordan, Inc. v. Delisle Construction Co.,* 569 S.W.2d 878 (Tex.1978). It is reasonable to read the letter of credit as requiring endorsement of the letter of credit by a negotiating bank only if the draft is negotiated and not if presented directly to Willow Bend. Such a reading will avoid the forfeiture asserted by Willow Bend. Consequently, we do not read the sixth sentence of the letter of credit as imposing a condition precedent, as Willow Bend would have us do.

■ Next, Willow Bend contends that the trial court committed reversible error by excluding the testimony of an expert witness as to the intended effect of the sixth sentence of the letter of credit. We cannot agree because the Letter of Credit is not ambiguous. Thus, the trial judge properly excluded this testimony as to what the parties intended by the language used in the Letter of Credit.

Affirmed.