(783 P.2d 1318)

No. 63,632

SPORTS, INC., *Appellant*, v. THE SPORTSHOP, INC., PAUL R. CORN, and HAROLD L. CORN, *Defendants*, and CITADEL BANK OF WICHITA, formerly EAST SIDE BANK AND TRUST, *Appellee*.

Opinion filed December 22, 1989.

*J. D. White*, of Wichita, for appellant.

*David G. Crockett* and *James R. Gilhousen*, of Crockett, Keeley & Gilhousen, of Wichita, for appellee.

Before ABBOTT, C.J., DAVIS, J., and JOHN E. SANDERS, District Judge, assigned.

SANDERS, J.: Sports, Inc., appeals from a judgment of the district court finding that a certain letter of credit was ambiguous, that it had expired, and that the Citadel Bank of Wichita properly refused payment to appellant under the letter of credit.

On February 26, 1985, appellee Citadel Bank established an irrevocable standby letter of credit in favor of appellant Sports, Inc., covering the sale of merchandise from appellant to The Sportshop, Inc.

Appellant sold merchandise to The Sportshop, Inc., in the sum of $45,847.42 from June 20, 1986, to September 25, 1987. The Sportshop, Inc., never paid appellant for the merchandise.

On October 20, 1987, appellant submitted its sight draft for $25,000 to Citadel Bank. On November 5, 1987, Citadel Bank refused to pay appellant. The bank never sent appellant notice of nonrenewal of the letter of credit prior to November 5, 1987.

The parties submitted appellant's claim to the trial court under a written stipulation of facts. The trial court found that the letter of credit had expired prior to appellant's claim thereunder and granted judgment in favor of Citadel Bank. This appeal followed, the only issue being whether the district court erred in finding that the letter of credit had expired prior to appellant's claim.

The letter of credit contained the following terms:

"It is a condition of the Letter of Credit that it shall be deemed automatically extended without amendment for one (1) year from the present or any future expiration date hereof unless thirty (30) days prior to any such date we shall notify you in writing that we have elected not to consider this Letter of Credit renewed for any such additional period. Upon receipt of such Notice, you may draw hereunder, without having incurred liability by reason of non-payment of accounts receivable or notes due and payable, by means of your draft on us signed according to the written certification that these are outstanding and are payable to SPORTS, INC.

"We engage with you that all drafts drawn under and in compliance with the terms of this credit will be duly honored on delivery of documents as specified if presented at this office on or before JUNE 30, 1985 or any automatically extended date, as hereinbefore set forth. We confirm that this Letter of Credit is hereby undertaken that all drafts drawn and presented as shown above specified will be duly honored by us.

. . . .

"THIS CREDIT is subject to the 'Uniform Customs and Practice for Documentary Credits (1974 Rev.), International Chamber of Commerce Publication No. 290.' "

The Kansas courts have never specifically addressed the problem of construction of letters of credit. Other states, however, have held and we likewise hold that letters of credit are governed by the rules applicable to the construction of ordinary contracts. *Willow Bend Nat. Bank v. Commonwealth Mortg.*, 722 S.W.2d 12, 13 (Tex. App. 1986). *First Nat. Bank of Atlanta v. Wynne*, 149 Ga. App. 811, 256 S.E.2d 383 (1979).

This court restated the rules of contract interpretation in *Kansas Gas & Electric Co. v. Kansas Power & Light Co.*, 12 Kan. App. 2d 546, 551, 751 P.2d 146, *rev. denied* 243 Kan. 779 (1988):

"The construction of a written contract is a question of law. [Citation omitted.] 'Regardless of the construction of the written contract made by the trial court, on appeal a contract may be construed and its legal effect determined by the appellate court.' [Citation omitted.] . . . 'A contract is ambiguous when the words used to express the meaning and intention of

the parties are insufficient in a sense the contract may be understood to reach two or more possible meanings.' [Citation omitted.]"

The trial court found the letter of credit ambiguous. We disagree. The terms of the agreement are clear and unambiguous. The letter states "it shall be deemed automatically extended . . . for one (1) year from *the present or any future expiration date*" (emphasis added) unless notice of nonrenewal is given. The letter also states proper drafts will be honored if presented "before June 30, 1985, *or any automatically extended date.*" (Emphasis added.)

The language used states that the automatic extension runs *from*, not *until*, any future expiration date. Additionally, the word "any" implies there could be several possible expiration dates.

The bank construes the provision "any future expiration date" to mean June 30, 1985, and the phrase "any automatically extended date" to mean June 30, 1986. Such a construction is contrary to the common sense meaning of the document and ignores the significance of the language following the June 30, 1985, date. We do not believe the document is susceptible to any other interpretation but that the date set forth in the document, June 30, 1985, is the *present* expiration date.

Thus, the letter of credit automatically renewed from June 30 to June 30 unless and until the bank notified Sports, Inc., in writing that it was electing not to renew the letter of credit. As noted above, the bank never sent such notice to appellant prior to receipt of the $25,000 sight draft on October 20, 1987.

The bank also argues that the letter of credit had no specific expiration date and that it would appear to remain in effect indefinitely in contravention of the *Uniform Customs and Practice for Documentary Credits,* International Chamber of Commerce Publication No. 290, Art. 37 (rev. 1974) which states: "All credits, whether revocable or irrevocable, must stipulate an expiry date for presentation of documents for payment, acceptance or negotiation, notwithstanding the stipulation of a latest date for shipment."

This argument runs contrary to the bank's first assertion that the letter of credit had already expired by its own terms. However, the fact that the letter of credit would extend automatically unless cancelled by the bank does not mean that the instrument

contains no expiration date. We think it is clear that the expiration date is the first June 30 to occur after proper written notice from the bank to the appellant that it elected not to renew the letter of credit. The fact that the bank had not yet chosen to notify appellant of nonrenewal does not mean that the letter existed in perpetuity.

The trial court was in error in construing the letter of credit to be ambiguous and in finding that it had expired prior to the bank's receipt of appellant's sight draft.

Therefore, the judgment of the district court is reversed and the case is remanded with directions to the trial court to enter judgment in favor of Sports, Inc., against Citadel Bank of Wichita in the sum of $25,000, together with interest at the statutory rate from November 5, 1987, and costs.