**UNITED SHIPPERS COOPERATIVE, Appellant,**

v.

**Paul SOUKUP and Nancy Soukup, d/b/a Soukup Poultry Farms, Defendants,**

and

**Farmers & Merchants State Bank of Preston, Respondent.**

**No. C3–90–463.**

Court of Appeals of Minnesota.

Aug. 21, 1990.

Allan J. Zlimen, Stewart, Zlimen & Jungers, Minneapolis, for appellant.

David A. Joerg, Joerg & Benson, Preston, for respondent.

Considered and decided by SHORT, P.J., and LANSING and CRIPPEN, JJ.

OPINION

CRIPPEN, Judge.

Appellant United Shippers Cooperative was a supplier of agricultural products to a customer of respondent Farmers & Merchants State Bank of Preston. United Shippers alleged the bank guaranteed payment to it by issuing a letter of credit, or

alternatively that the bank was liable to pay under the theory of promissory estoppel. The trial court granted summary judgment in favor of the bank, and we affirm.

## FACTS

Paul and Nancy Soukup sought to purchase agricultural goods from United Shippers Cooperative. United Shippers would not extend credit to the Soukups without a guaranty from a third party. On May 14, 1985, Farmers & Merchants State Bank of Preston extended a $200,000 line of credit to the Soukups to cover crop and operating expenses for 1985.

On May 17, 1985, Paul Soukup and the bank signed a document drafted by United Shippers. In this document, Paul Soukup states, "I intend to purchase the following products from UNITED SHIPPERS COOPERATIVE * * *." The document goes on to list a specific amount of fertilizer and chemicals, including their prices. The bottom half of the document says:

TO: United Shippers Cooperative

This is to inform you that we have set up an operating credit line to finance the above purchases.

This statement is signed by the bank by its president.

The Soukups then purchased supplies worth $14,142.50 from United Shippers. On January 9, 1986, the Soukups exhausted the $200,000 line of credit. However, they never asked the bank to advance funds from that line of credit to pay United Shippers, and United Shippers was not paid. The bank refused to extend any further credit to the Soukups.

United Shippers brought an action against the Soukups [1] and the bank alleging, in part, that the bank was responsible for the debt because it guaranteed payment in the May 17, 1985 document. On December 6, 1989, in response to cross-motions for summary judgment, the trial court issued findings of fact, a memorandum and an order for summary judgment in the bank's favor, finding that the May

1985 document was not a letter of credit. The trial court made no ruling on United Shippers' argument that the bank was liable under the theory of promissory estoppel.

## ISSUES

1. Did the trial court err in ruling the document was not a letter of credit?

2. Is the bank liable to United Shippers under a theory of promissory estoppel?

## ANALYSIS

Summary judgment shall be issued on any claim if there is no genuine issue of material fact and one of the parties is entitled to judgment as a matter of law. Minn. R.Civ.P. 56.03. This court should independently review issuance of a summary judgment. *Hubred v. Control Data Corp.*, 442 N.W.2d 308, 310 (Minn.1989). We must view the evidence in a light most favorable to the party against whom the summary judgment motion was granted. *Offerdahl v. Univ. of Minnesota Hosps. and Clinics*, 426 N.W.2d 425, 427 (Minn.1988).

I

*Letter of Credit*

■ Article 5 of the Uniform Commercial Code defines and governs letters of credit. *See* Minn.Stat. § 336.5–101 to 336.-5–117 (1984). Article 5 applies:

(a) to a credit issued by a bank if the credit requires a documentary draft or a documentary demand for payment; and

  \*   \*   \*   \*   \*   \*

(c) to a credit issued by a bank or other person if the credit is not within subparagraphs (a) or (b) but conspicuously states that it is a letter of credit or is conspicuously so entitled.

Minn.Stat. § 336.5–102(1). Thus, by definition, a document issued by a bank can be a letter of credit if it requires a documentary draft or a demand for payment, or, if it conspicuously states that it is a letter of credit. *Raiffeisen–Zentralkasse Tirol Reg. Gen. M.B.H. v. First Nat'l Bank*, 671

---

**1.** In February 1990, claims against the Soukups were voluntarily dismissed without prejudice.

P.2d 1008, 1010 (Colo.Ct.App.1983), *cert. denied* (Colo. Nov. 7, 1983).

In construing the nature and terms of a letter of credit, the same general principles apply which govern other written contracts. A construction that will sustain an instrument will be preferred to one that will defeat it. * * * An ambiguous contract will be construed most strongly against the party who prepared the contract.

*Bank of North Carolina v. Rock Island Bank,* 570 F.2d 202, 207 (7th Cir.1978) (citations omitted). Because the document in this case does not "conspicuously [state] that it is a letter of credit," an important issue is whether the document "requires a documentary draft or a documentary demand for payment." Minn.Stat. § 336.5–102(1) (1988).

United Shippers relies on *Toyota Industrial Trucks U.S.A., Inc. v. Citizens National Bank of Evans City,* 611 F.2d 465 (3rd Cir.1979). In *Toyota,* the court found that a letter from a bank to the seller, informing the seller that a line of credit was established, was a letter of credit. However, unlike this case, the letter in *Toyota* "required [the bank] to honor drafts [from the seller] * * *," and further required the seller "to attach to the drafts invoices and bills of sale evidencing title to [the products]." *Id.* at 467.

In *Johnston v. State Bank,* 195 N.W.2d 126 (Iowa 1972), the bank wrote the seller a letter stating:

Please be advised that we have committed to [our customer] for real estate mortgage loan in the amount of $22,850.00 * * *.

*Id.* at 128. The *Johnston* court said:

The essential element of a letter of credit which is absent here is a direct promise by the bank to pay the addressee of the letter. * * * We conclude that the instant letter was a notification to [the seller] of the Bank's loan commitment to [its customer] but that it was not a letter of credit.

*Id.* at 130–31.

As the trial court determined, the document in this case is not a letter of credit.

Although "no particular form of phrasing is required for a credit," Minn.Stat. § 336.5–104(1) (1988), the document does not have any of the necessary requirements of a letter of credit. The document is nothing but a statement by the bank informing United Shippers that Paul Soukup had an operating credit line which he could use to make purchases from United Shippers. There is no language guaranteeing payment to United Shippers upon presentation of a demand for payment. It does not state what documents, or documentary drafts, would be required by the bank in order to pay United Shippers. The bank's assurance that a line of credit existed falls short of any indication that United Shippers could have called on the bank for direct payment or that the bank otherwise was obligated to supervise the Soukups' use of the money.

We recognize the document included a list of the products the Soukups intended to purchase. As United Shippers argues, the bank must have known of the likelihood that United Shippers was relying on the bank to provide money for the listed purchases. Yet those facts do not change the nature of the instrument into an Article 5 letter of credit.

II

*Promissory Estoppel*

■ Promissory estoppel is defined as: A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

Restatement (Second) of Contracts, § 90(1) (1981); *accord United Elec. Corp. v. All Serv. Elec., Inc.,* 256 N.W.2d 92, 95 (Minn. 1977). The equitable doctrine of promissory estoppel implies " 'a contract in law where none exists in fact.' " *Froelich v. Aspenal, Inc.,* 369 N.W.2d 37, 39 (Minn. App.1985) (quoting *Grouse v. Group*

*Health Plan, Inc.,* 306 N.W.2d 114, 116 (Minn.1981)).

The doctrine of promissory estoppel is applicable when (1) a promise has been made; (2) the promisor should have reasonably expected the promise to induce action by the promisee; (3) the promisee does in fact act; and (4) justice requires enforcement of the promise.

*McNeill & Associates, Inc. v. ITT Life Ins. Corp.,* 446 N.W.2d 181, 186 (Minn.App. 1989), *pet. for rev. denied* (Minn. Dec. 1, 1989).

United Shippers argues that even if the document is not a letter of credit, it is still a promise to pay by the bank, reasonably relied upon by United Shippers. United Shippers cites *Robert Mallery Lumber Corp. v. B. & F. Associates, Inc.,* 294 Pa. Super. 503, 440 A.2d 579 (1982) in support of its argument. In *Robert Mallery* the bank sent the seller a letter which read:

> This is to inform you that [the bank] has established a $50,000.00 line of credit for the above customer, of which $25,000.00 is reserved for purchases from [the seller].

*Id.* at 507, 440 A.2d at 580. The *Robert Mallery* court found this letter was a guarantee, unlimited in time, that the bank would reserve $25,000 to pay for purchases made by the customer. There is no such specific promise in this case.

The one sentence note signed by the bank president does not reach the level of promissory estoppel. First, it is not a promise to pay. There is no language indicating that a promise had been made or that a guarantee existed. Rather, the bank is merely imparting information. Second, and more importantly, justice does not require enforcement of this alleged promise. United Shippers indicates it would not have sold anything to the Soukups without a letter of credit or similar guarantee from the bank. Yet, United drafted this document, using vague and weak language. If United wanted this document to be a letter of credit, a promise or a similar guarantee, it should have used those words. Because contracts are strictly construed against the drafter, there is no compelling justice in these circumstances for recovery from the bank by United.

## DECISION

The document drafted by United Shippers does not meet the requirements necessary to be an Article 5 letter of credit, nor does it state that the bank promises to pay United Shippers.

Affirmed.