MOLTER CORPORATION, Plaintiff-Appellee, v. AMWEST SURETY INSURANCE COMPANY, Defendant-Appellant (First National Bank of Joliet, Defendant).

Third District   No. 3—94—0236

Opinion filed November 18, 1994.

Scott O. Reed and Patrick G. Donnelly, both of Sedgwick, Detert, Moran & Arnold, of Chicago (T. Scott Leo, of counsel), for appellant.

Rooks, Pitts & Poust, of Joliet (Thomas Feehan, of counsel), for appellee.

JUSTICE McCUSKEY delivered the opinion of the court:

The defendant, Amwest Surety Insurance Company (Amwest), appeals from a judgment of the circuit court of Will County granting summary judgment for the plaintiff, Molter Corporation (Molter).

The trial court's judgment declared that a letter of credit, issued to Amwest by the First National Bank of Joliet (Bank), had expired before Amwest tendered any drafts on it. On appeal, Amwest asserts that the letter of credit contains an "evergreen clause" which operated to renew the letter annually. As a result, Amwest contends that the letter of credit will not expire unless the Bank sends proper notice of its decision not to renew the letter. Because we agree with Amwest's contentions, we reverse the trial court's decision and enter judgment for Amwest.

Molter is a subcontractor which obtained a performance bond to ensure its general contractor of timely and workmanlike performance. Molter obtained this bond from Amwest. As a condition of the bond, Molter secured from the Bank an irrevocable letter of credit on June 5, 1990, naming Amwest as the beneficiary. The letter of credit contained an expiration date of November 5, 1990. It also contained a clause which provided as follows:

"It is a condition of this Letter of Credit that it shall be deemed *automatically extended without amendment for one year from the present or any future expiration date hereof*, unless forty-five (45) days prior to any such date we shall notify you in writing *** that we elect not to consider this Letter of Credit renewed for any such additional period. ***

We engage with you that all drafts drawn under and in compliance with the terms of this credit will be duly honored if presented at this office on or before November 5, 1990 *or any automatically extended date*, as hereinbefore set forth." (Emphasis added.)

On October 25, 1990, the Bank sent Amwest a notice (extension notice) extending the expiration date to January 5, 1991. The Bank has not sent Amwest any notice of cancellation.

On October 27, 1993, the general contractor filed a complaint against Molter and Amwest. The contractor set forth the following allegations in its complaint: (1) Molter had breached its agreement with the contractor; and (2) Amwest, as Molter's surety, was liable for the contractor's increased costs as a result of Molter's alleged

breach. Consequently, Amwest attempted to draw on the letter of credit. On November 29, 1993, Amwest tendered to the Bank a draft demanding the full amount of the letter of credit. On December 7, 1993, the Bank dishonored the draft for unspecified reasons.

On December 20, 1993, Molter filed a complaint for declaratory judgment in the circuit court of Will County. The complaint asked the court for a declaration that the letter of credit had expired on January 4, 1992, before Amwest tendered a draft. On February 15, 1994, the trial court found the letter of credit was not ambiguous and held that it expired by its own terms on January 4, 1992. As a result, on March 7, 1994, the trial court entered summary judgment for Molter as a matter of law after determining that the Bank owed no obligation to pay under the letter of credit. Amwest's timely notice of appeal followed.

The first issue on appeal is whether the previously quoted language in the letter of credit is an "evergreen clause." We answer this question in the affirmative.

An evergreen clause is typically defined as a "[t]erm in a letter of credit providing for automatic renewal of the credit." (J. Dolan, The Law of Letters of Credit, at G-15 (2d ed. 1984).) Financial institutions devised such clauses to avoid a few States' prohibitions on extensions of credit which exceed one year's duration. Although most of those statutes have been repealed, the use of evergreen clauses persists due to custom and legitimate business concerns such as determining which party will bear the burden of renewing the letter of credit. (C. Aster & K. Patterson, A Practical Guide to Letters of Credit 40.) An evergreen clause places the burden of renewal on the issuer. Accordingly, the clause automatically renews the letter of credit unless the issuer notifies the beneficiary of its election not to renew prior to expiration. (Steiner, A Letter of Credit Primer for Real Estate Lawyers, 28 Real Prop. Prob. & Tr. J., at 167 (1993).) An evergreen clause in a letter of credit reflects the parties' intent to make the credit available for an indefinite period of time. *B.E.I. International, Inc. v. Thai Military Bank* (8th Cir. 1992), 978 F.2d 440, 442.

In the case at hand, the clause at issue provides that the letter will be "automatically extended *** for one year from the present or *any future* expiration date." (Emphasis added.) This language in the clause indicates the Bank's intent to extend the credit to Amwest for an indefinite period of time. Moreover, the clause states that the letter of credit was valid until the Bank notified Amwest that the letter would not be renewed. The Bank assumed the burden of renewing or cancelling the letter of credit when it inserted this language into the letter of credit. Based on these considerations, we conclude that the clause in the letter of credit is an evergreen clause.

Next, we must determine the effect of the evergreen clause on the expiration date of the letter of credit. For reasons which follow, we conclude that the letter renewed itself every year on January 5 until the Bank sent notice to Amwest that the letter would not be renewed.

A letter of credit is a contract which obligates the issuer to pay in the event of a default by the customer, who procured the letter's issuance. (*Pastor v. National Republic Bank* (1979), 76 Ill. 2d 139, 147, 390 N.E.2d 894, 897.) In construing the nature and terms of a letter of credit, the same general principles apply which govern other written contracts. (*Bank of North Carolina v. Rock Island Bank* (7th Cir. 1978), 570 F.2d 202, 207.) Where the trial court has determined the construction of a contract as a matter of law, the standard of review is *de novo*. (*Bank of Ravenswood v. Polan* (1993), 256 Ill. App. 3d 470, 474, 628 N.E.2d 194, 197.) Consequently, on review we will construe the contract unrestrained by the trial court's judgment. (*Bank of Ravenswood*, 256 Ill. App. 3d at 474, 628 N.E.2d at 197.) Where the terms of a contract are clear and unambiguous, the terms alone will determine the duties of the parties. *Nielsen v. United Services Automobile Association* (1993), 244 Ill. App. 3d 658, 663, 612 N.E.2d 526, 530.

In *Sports, Inc. v. Sportshop, Inc.* (1989), 14 Kan. App. 2d 141, 783 P.2d 1318, the Kansas Court of Appeals decided the precise issue which is before this court. There, a bank issued a letter of credit with an expiration date of June 30, 1985. The letter of credit contained a clause virtually identical to the evergreen clause involved in the instant case. The beneficiary of the letter submitted a draft on October 20, 1987. The bank thereafter dishonored the draft. After the beneficiary filed a complaint against the bank, the trial court held that the letter of credit had expired before the beneficiary submitted its draft.

On appeal, the appellate court in *Sports, Inc.*, reversed and ordered the trial court to enter judgment for the beneficiary. After holding that the letter of credit's language was clear and unambiguous, the court said that the letter provided for its own automatic extension. The letter indicated the possibility of multiple expiration dates because the clause extended the credit for "one year from the present or any future expiration date." (*Sports, Inc.*, 14 Kan. App. 2d at 143, 783 P.2d at 1320.) Furthermore, the bank promised to honor drafts presented before June 30, 1985, or "any automatically extended date."

Based on the plain language of the document, the *Sports, Inc.,* court held that June 30, 1985, was the expiration date. The court also held that the letter automatically renewed itself annually on June 30 and would continue to do so until the bank notified the beneficiary that it would not renew the letter of credit. *Sports, Inc.,* 14 Kan. App. 2d at 143-44, 783 P.2d at 1320.

We are persuaded by the analysis and reasoning of the *Sports, Inc.,* court in construing the effect of an evergreen clause on the expiration date of a letter of credit. Accordingly, we will apply the same analysis to the facts of the instant case.

The original letter contains an expiration date of November 5, 1990. The letter of credit also provides an automatic extension "for one year from the present or any future expiration date hereof," *unless the Bank provides notice to Amwest* that it will not be renewed. The fourth paragraph of the letter promises to honor drafts if presented before November 5, 1990, "or *any* automatically extended date." (Emphasis added.) On October 25, 1990, the Bank sent Amwest the extension notice which fixed the letter of credit's new expiration date at January 5, 1991. However, the Bank has *not* provided Amwest with any notice that the letter will not be renewed.

Based on these facts, we conclude that January 5, 1991, the expiration date set forth in the extension notice, was the *present* expiration date. The references in the evergreen clause to future expiration dates and to "any automatically extended date" contemplate the existence of several possible expiration dates. The unambiguous language of the entire letter of credit indicates that it will remain in effect until the Bank chooses not to renew it *and* notifies Amwest of that fact.

As a consequence, we conclude that the letter automatically renews itself every January 5 until the Bank notifies Amwest that it will not renew the letter of credit. Therefore, it will expire on the first January 5 following proper notice of nonrenewal. See *Sports, Inc.,* 14 Kan. App. 2d at 143-44, 783 P.2d at 1320; see also *B.E.I.,* 978 F.2d at 442, citing *National Surety Corp. v. Midland Bank* (3d Cir. 1977), 551 F.2d 21, 23.

Accordingly, the trial court erred when it held that the letter of credit expired on January 4, 1992. Moreover, we conclude that the letter of credit remains in effect until the Bank gives Amwest proper notice of cancellation. For the reasons indicated, the decision of the trial court is reversed. Pursuant to Supreme Court Rule 366(a)(5) (134 Ill. 2d R. 366(a)(5)), judgment in the sum of $100,000 plus costs

will be entered for Amwest. In light of our decision, we find it unnecessary to review the other contentions raised by the parties.

Reversed.

SLATER, P.J., and BRESLIN, J., concur.