770 A.2d 1211 (2001)
338 N.J. Super. 22
AXA ASSURANCE, INC., Plaintiff-Appellant,
v.
THE CHASE MANHATTAN BANK, f/k/a Chemical Bank New Jersey, N.A., Defendant/Third-Party Plaintiff-Respondent,
v.
Hankin Environmental Systems, Inc., Third-Party Defendant.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 2001.
Decided April 3, 2001.
*1212 David C. Dreifuss, Livingston, argued the cause for appellant, (Nagel Rice & Dreifuss, attorneys; Mr. Dreifuss, of counsel; Guido Weber, on the brief).
Jeffrey T. LaRosa, Morristown, argued the cause for respondent, (Schenck, Price, Smith & King, attorneys; Roy J. Evans, of counsel; Mr. LaRosa and Douglas S. Brierley, on the brief).
Before Judges BAIME, CARCHMAN and LINTNER.[1]
The opinion of the Court was delivered by CARCHMAN, J.A.D.
This appeal requires us to reconcile two assertedly disparate clauses contained in a letter of credit (the letter). The first clause, referred to as an "evergreen" clause, provides for annual automatic renewal of the letter of credit without notice. The second clause, referred to as the "expiry" clause, provides a fixed termination date for the letter. Judge Stephen F. Smith, Jr., in the Law Division, held that the expiry clause governed and granted summary judgment in favor of defendant *1213 Chase Manhattan Bank (the bank[2]). We agree with his conclusion, and affirm.
The underlying facts are not in dispute. On June 3, 1992, the bank issued an irrevocable letter of credit in the principal amount of $355,000 to Hankin Environmental Systems, Inc., naming Laurentian Casualty Company of Canada as beneficiary. Laurentian was thereafter acquired by plaintiff AXA Assurances, Inc., which succeeded Laurentian as beneficiary under the letter. The letter contains two separate clauses which frame the issue on this appeal. The evergreen clause provides:
IT IS A CONDITION OF THIS LETTER OF CREDIT THAT IT SHALL BE DEEMED AUTOMATICALLY EXTENDED WITHOUT AMENDMENT FOR ONE YEAR, FROM THE EXPIRATION DATE HEREOF, OR ANY FUTURE EXPIRATION DATE, UNLESS AT LEAST 30 DAYS PRIOR TO SUCH DATE WE SHALL NOTIFY YOU IN WRITING BY REGISTERED MAIL OR OVERNIGHT COURIER THAT WE ELECT NOT TO EXTEND THIS LETTER OF CREDIT FOR ANY SUCH ADDITIONAL PERIOD. UPON RECEIPT OF SUCH NOTICE YOU MAY DRAW HEREUNDER BY MEANS OF YOUR SIGHT DRAFT ON OURSELVES FOR AN AMOUNT NOT EXCEEDING THE AVAILABLE AMOUNT OF THIS LETTER OF CREDIT.
The expiry clause, however, provides a specific expiration date:
WE HEREBY AGREE WITH YOU THAT DRAFTS DRAWN UNDER AND IN ACCORDANCE WITH THE TERMS OF THIS CREDIT WILL BE DULY HONORED UPON PRESENTATION AND DELIVERY OF THE DOCUMENTS AS SPECIFIED IF PRESENTED AT CHEMICAL BANK COMMERCIAL LETTER OF CREDIT DEPT, 55 WATER STREET NEW YORK, N.Y. 10041, ON OR BEFORE JUNE 02, 1993 BUT NOT BEYOND JUNE 2, 1994.

[ (emphasis added).]
The bank took no action under the evergreen clause. On March 9, 1998, plaintiff requested a draw on the letter. The bank refused the request, claiming the letter had expired. Plaintiff then filed a complaint alleging wrongful dishonor of the letter, and theorizing that the evergreen clause supported the continued validity of the letter. On cross-motions for summary judgment, Judge Smith determined that the clauses were not inconsistent with one another and that the more general evergreen clause was limited by the expiry provision. He granted defendant's motion for summary judgment and dismissed the complaint. This appeal followed.
A letter of credit is "a bank's agreement to honor written demands for payment at the request of another upon compliance with specified conditions." New Jersey Bank v. Palladino, 77 N.J. 33, 40, 389 A.2d 454 (1978). See also Chase Manhattan Bank v. Equibank, 550 F.2d 882, 885 (3d Cir.1977) (defining letters of credit generally). An "evergreen clause" is defined "as a `[t]erm in a letter of credit providing for automatic renewal of the credit.'" Molter Corp. v. Amwest Surety Ins. Co., 267 Ill.App.3d 718, 205 Ill.Dec. 54, 642 N.E.2d 919, 921 (1994) (quoting J. *1214 Dolan, The Laws of Letters of Credit, at G-15 (2d ed.1984)). "An evergreen clause in a letter of credit reflects the parties' intent to make credit available for an indefinite period of time." Ibid. (citing B.E.I. Int'l, Inc. v. Thai Military Bank, 978 F.2d 440, 442 (8th Cir.1992)).
General rules of contract construction apply with equal force in interpreting letters of credit. See Palladino, supra, 77 N.J. 33, 46, 389 A.2d 454. Other jurisdictions have adopted a similar rule. See, e.g., United Shippers Co-op. v. Soukup, 459 N.W.2d 343, 345 (Minn.Ct.App.1990); Sports, Inc. v. Sportshop, Inc., 14 Kan. App.2d 141, 783 P.2d 1318, 1319 (1989); Willow Bend Nat. Bank v. Commonwealth Mortgage Corp., 722 S.W.2d 12, 13 (Tex. App.1986); First Nat. Bank of Atlanta v. Wynne, 149 Ga.App. 811, 256 S.E.2d 383, 386 (1979); New York Life Ins. Co. v. Hartford Nat. Bank & Trust Co., 173 Conn. 492, 378 A.2d 562, 565 (1977). Several federal courts have also applied general contract principles in construing the terms of letters of credit. See, e.g., Mutual Export Corp. v. Westpac Banking Corp., 983 F.2d 420, 423 (2d Cir.1993); Bank of North Carolina, N.A. v. Rock Island Bank, 570 F.2d 202, 207 (7th Cir.1978); Data General Corp. v. Citizens Nat'l Bank, 502 F.Supp. 776, 784-85 (D.Conn.1980); West Virginia Housing Dev. Fund v. Sroka, 415 F.Supp. 1107, 1109-10 (W.D.Pa.1976).
Particularly relevant here is the admonition that contracts must be read as a whole without focus on an isolated phrase. Wheatly v. Sook Suh, 217 N.J.Super. 233, 239, 525 A.2d 340 (App.Div.1987). "`Individual clauses and particular words must be considered in connection with the rest of the agreement, and all parts of the writing and every word of it, will, if possible, be given effect.'" Krosnowski v. Krosnowski, 22 N.J. 376, 387-88, 126 A.2d 182 (1956) (quoting 9 Williston on Contracts § 46 (rev. ed.1945)).
Against this basic framework, we examine the provisions in issue here. The evergreen clause provides for automatic renewal of the letter "for one year, from the expiration date hereof, or any future expiration date," provided that defendant did not give 30 days notice of non-renewal. If this were the sole provision in issue, we would have little difficulty concluding that this letter was renewable on an annual basis without limit absent notification by defendant of its intention not to renew. Such a reading, however, suggests no significance to the expiry provision, which provides that plaintiff may draw upon the credit line "on or before June 02, 1993 but not beyond June 2, 1994."
Reconciling these provisions to give effect to both is not a difficult task. The evergreen clause identifies the term of the letter in one-year increments. The letter, issued June 3, 1992, thus expired by its terms, subject to the evergreen renewal, on June 2, 1993. Absent any action by defendant as required by the clause, the letter was automatically renewed for another one-year term. At that point, however, the expiry provision became paramount, as by its terms the letter expired "June 2, 1994." This interpretation gives meaning to both clauses by allowing for the automatic extension of the letter from June 3, 1993 to June 2, 1994, and by terminating defendant's obligation under the letter on June 2, 1994.
Plaintiff relies on two out-of-state cases, Molter Corp. v. Amwest Surety Insurance Co., supra, 267 Ill.App.3d 718, 205 Ill.Dec. 54, 642 N.E.2d 919, and Sports, Inc. v. *1215 Sportshop, Inc., supra, 14 Kan.App.2d 141, 783 P.2d 1318, for the proposition that the letter's evergreen clause prevails over its expiry provision. Neither case applies to the facts presented here. In Molter, the letter of credit at issue contained an evergreen clause which provided:
It is a condition of this Letter of Credit that it shall be deemed automatically extended without amendment for one year from the present or any future expiration date hereof, unless forty-five (45) days prior to any such date we shall notify you in writing ... that we elect not to consider this Letter of Credit renewed for any such additional period....
We engage with you that all drafts drawn under and in compliance with the terms of this credit will be duly honored if presented at this office on or before November 5, 1990 or any automatically extended date, as hereinbefore set forth.
[Molter, supra, 205 Ill.Dec. 54, 642 N.E.2d at 921 (emphasis omitted).]
The court interpreted the wording of the letter to indicate "the Bank's intent to extend the credit to Amwest for an indefinite period of time." Id. at 921-22. The court further found that the letter renewed itself every year "until the Bank sent notice to Amwest that the letter would not be renewed." Id. at 922. The court determined that the letter contemplated the possibility of multiple expiration dates because the clause extended the credit for "one year from the present or any future expiration date" and the bank promised to honor drafts presented before November 5, 1990 or "any automatically extended date." Id. at 922-23. In essence, the termination date was modified by the language "or any automatically extended date."
Although the letter in the present case contains an evergreen clause similar to the clause at issue in Molter, there was no independent expiry date provision in the Molter letter. Not only did the Molter letter not contain the "but not beyond" language present in this case, it did contain additional language that supported an interpretation that the original expiration date would be automatically extended absent written notice to the contrary. Id. at 921. In this case, the phrase "but not beyond June 2, 1994" evinces the parties' intent to set forth a specific and definite expiration date for the letter regarding further notice. Sports, Inc., supra, 14 Kan. App.2d 141, 783 P.2d 1318, is also inapplicable because, as in Molter, the letter at issue did not contain an independently operative expiry provision. See id. at 1319.
We perceive no conflict between our decision and those of the Illinois and Kansas courts addressing this issue. In the latter instances, the dependent expiry provisions were modified by evergreen language evincing a clear intent to permit indefinite future extensions. Neither case involved the unique expiry language at issue here which reflects an intent to establish a termination date beyond which no extension would be permitted. Consistent with the mandate that we give full effect to "all parts of the writing and every word of it, if possible," Krosnowski, supra, 22 N.J. at 387, 126 A.2d 182 (internal quotation marks omitted), we conclude that the expiry provision here specifically modified the evergreen clause so as to impose no liability on defendant past June 2, 1994.
Having determined that the expiry provision controls, we reject plaintiff's alternative argument that the letter was ambiguous and must be construed against the drafter. See New York State Higher *1216 Educ. Servs. Corp. v. Lucianna, 284 N.J.Super. 603, 608, 666 A.2d 173 (App. Div.1995). See also In re Kennedy Mortgage Co., 23 B.R. 466, 473-74 (Bankr. D.N.J.1982); In re Miller's Estate, 90 N.J. 210, 221-22, 447 A.2d 549 (1982); Terminal Constr. Corp. v. Bergen County Hackensack River Sanitary Sewer Dist. Auth., 18 N.J. 294, 302, 113 A.2d 787 (1955); Jennings v. Pinto, 5 N.J. 562, 569, 76 A.2d 669 (1950). We perceive no ambiguity warranting application of this principle.
Affirmed.
NOTES
[1] Judge Lintner did not participate in oral argument. However, the parties consented to his participation in the decision.
[2] The letter was originally issued by Chemical Bank New Jersey, N.A., which thereafter merged with Chase Manhattan Bank.