Philip Halperin, Plaintiff-Appellant, v. Darling & Company, a Corporation and Richard Wagner, Defendants, and L & L Auto Rental Company, Inc., a Corporation, Defendant-Appellee.

Gen. No. 50,903.

First District, Second Division.

March 6, 1967.

Rehearing denied March 22, 1967.

Leonard M. Ring, of Chicago, for appellant.

Herbert L. Caplan, of Chicago (Herbert L. Caplan and Michael J. Polelle, of counsel), for appellee.

MR. JUSTICE BURKE delivered the opinion of the court.

This action was brought to recover damages for personal injuries occasioned by the alleged negligence of defendants Darling & Company, Richard Wagner, and L & L Auto Rental Company, Inc. A motion to dismiss the complaint as to L & L Auto Rental Company, Inc., (hereinafter referred to as L & L Auto) was sustained by the trial court; plaintiff appeals. The complaint as against Darling & Company and Richard Wagner is pending in the trial court.

Count II of the complaint was directed against L & L Auto and alleged that on February 3, 1956, plaintiff entered a written truck-leasing agreement with L & L Auto whereby the latter, as lessor, agreed to lease a truck to plaintiff for a term of three years. The complaint alleged that L & L Auto failed to maintain the brakes of the truck in good operating condition, as L & L Auto was required to do under the lease, and that in August of 1957 plaintiff was injured in a collision with a Darling & Company truck driven by Richard Wagner while plaintiff was riding as a passenger in the leased truck when its brakes failed to function properly.

The pertinent parts of the lease provided that L & L Auto would furnish full maintenance on the truck, including grease and oil, the safety sticker and the City of Chicago and State of Illinois licenses, that it would furnish signs, the chassis and the body of the truck, that it would furnish full insurance coverage, including public liability and property damage, and that it would furnish registration fees for the truck and any costs connected with local safety inspections. Plaintiff agreed to adhere to "the standards of preventive maintenance pre-

scribed by [L & L Auto] to the end that the truck leased would be properly maintained and operated." Plaintiff further agreed that "at the termination of the lease, the [plaintiff] shall deliver the truck to [L & L Auto] in good and marketable condition, ordinary and usual wear and use excepted." "Good and marketable condition" was defined in the contract to mean "good operational and mechanical condition with all running and operating parts functioning in proper manner, and the interior and exterior of the body and chassis shall be in a salable condition and tires shall have 50% of the tread remaining, . . ."

Clause 6 of the contract is the provision upon which L & L Auto's motion to dismiss was based. It provides:

> "Lessee further agrees to reimburse Lessor, save Lessor harmless from and indemnify Lessor from any loss or liability whatsoever with respect to or arising out of or in the course of the operation of any truck leased hereunder during the term that this lease shall be applicable to any such truck."

The motion to dismiss, filed pursuant to Section 48(1)(i) of the Civil Practice Act, was allowed by the trial court, the order of the court reciting that "judgment be entered in favor of the defendant, L & L Auto Rental Company, Inc., and against the plaintiff, Philip Halperin, on the pleadings, and that defendant, L & L Auto Rental Company, Inc., go hence without day [sic]."

Plaintiff maintains that the provision for indemnity relied on by L & L Auto does not, by its terms, provide for indemnity against L & L Auto's own negligence. We agree.

Contracts of indemnity against one's own negligence are generally regarded as valid and enforceable. However, the unusual nature of such a contract requires that the agreement be strictly construed against the

356

indemnitee. As stated in Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp., 395 Ill 429, 70 NE2d 604, at page 433: "It is quite generally held that an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract, . . . or such intention is expressed in unequivocal terms."

■ ■ The indemnity contract in the case at bar fails to meet this test. Except for such preventive maintenance on plaintiff's part as normal driving and handling of the truck, the operation of the truck within posted speed limits, and the like, the rental contract provided that L & L Auto would retain all responsibility for the active maintenance of the vehicle. The indemnity contract, however, provides that the plaintiff shall save L & L Auto harmless from any loss whatsoever arising out of "the operation" of the truck. No intention is manifest through any wording in the contract that L & L Auto be held harmless from damages arising out of its own negligence in the maintenance of the vehicle. If it was intended that plaintiff save L & L Auto harmless from its own negligence in this regard the contract should have provided that the lessee would hold the lessor harmless from liability arising out of "the operation or the maintenance" of the truck, or wording which otherwise manifested such intention. The contract is unclear with respect to the limitation of L & L Auto's liability in connection with its own negligence; the contract must therefore be construed most strongly against its maker, L & L Auto. Gothberg v, Nemerovski, 58 Ill App2d 372, 208 NE2d 12. It would be an extraordinary result to hold that plaintiff should be held responsible for damages arising out of that over which he has lost control by way of the contract, without an express pro-

vision therein to that effect or a clear intention that such is what the parties intended.

Defendant maintains that the record on appeal does not contain any facts pertaining to the construction of or performance under the leasing agreement and that, in the absence of a sufficient record, the reviewing court must indulge all reasonable presumptions in favor of the order of the trial court and resolve any doubt against the appellant. While this is true as a general principle of law, it has no application to the case at bar. The rule is generally applied where an attack is made upon the order of a trial court and is based upon matters not affirmatively appearing of record. Kaye v. Kremer, 23 Ill App2d 506, 163 NE2d 561. In the instant case, however, the order of the trial court specifically recited that the judgment was based "on the pleadings" which were on file and considered by the trial court, namely the complaint, the rental agreement, and the motion to dismiss. On those pleadings the trial court should not have dismissed the complaint as to L & L Auto Rental Company, Inc.

The judgment is reversed and the cause is remanded for further proceedings not inconsistent with these views.

Judgment reversed and cause remanded for further proceedings.

LYONS, P. J. and BRYANT, J., concur.