MESKER BROS. IRON COMPANY, Plaintiff-Appellant, *v.* DES LAURIERS COLUMN MOULD COMPANY, Defendant-Appellee.

(No. 55575;

First District—October 17, 1972.

Altheimer, Gray, Naiburg & Strasburger, of Chicago, (Howard L. Kastel, of counsel,) for appellant.

Price, Cushman, Keck & Mahin, of Chicago, (James T. Otis and James A. Broderick, of counsel,) for appellee.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

This suit involves the construction of a contract between Mesker Bros. Iron Co. (hereafter called Mesker), a manufacturer of aluminum and steel framing systems for buildings, and its sub-contractor, Des Lauriers Column Mould Co., Inc. (hereafter called Des Lauriers). The issue is whether damages caused by Mesker's defective manufacture of materials furnished to Des Lauriers is within the scope of an indemnification clause in their contract. At a trial without a jury the court held that it was not, and this appeal was taken. The facts follow.

F & S Construction Co. (hereafter called F & S) was the owner of property at 339 West Barry Avenue, Chicago, and in planning the construction of a building on the site, entered into a contract with Mesker whereby Mesker agreed to furnish all window wall frames, sliding door frames and storefront frames, and to perform all window wall caulking on the building. Section 26 of the contract provided:

"It is further understood and agreed that the Contractor [Mesker] furnished the Owner [F & S] a two-year warranty against items of contingent liability for damage caused by water leakage due to any negligence in the installation of the window wall."

For a relatively small portion of this work Mesker entered into a contract with Des Lauriers for the unloading, transport, delivery to job, hoisting, erecting and installation of window walls of Mesker's manufacture. Clause 2 (f) of the sub-contract is as follows:

"* * * and to hold Mesker harmless from any and all claims of damage arising out of or in connection with the work hereunder of the Prime Contract."

Des Lauriers duly installed Mesker's own window wall frames and sliding door frames which Mesker had acquired from another manufacturer. Water leakage occurred through the window wall frames, and Mesker's witnesses testified that the leakage was the result of faulty manufacture in that a seal, together with a cap on the frames mullion tube, and sufficient caulking were omitted from the wall frame unit. Corrective repairs and settlements were made by F & S with the building tenants for a sum in excess of $1,000. Pursuant to their contract with Mesker, F & S received $7,500 in settlement and executed a release of Mesker who then sought indemnification under clause 2 (f) of its contract with Des Lauriers, and instituted this suit.

On appeal plaintiff argues that the indemnification clause in its contract with defendant included damages resulting from plaintiff's own defective manufacture of materials used; that by such clause plaintiff is entitled to indemnification for all resultant property damage; and that the evidence adduced at trial showed that plaintiff made a reasonable settlement with the owner of the premises prior to commencing its action against defendant.

The construction of indemnification clauses is not new to Illinois. In *Westinghouse Co. v. Building Corp.*, 395 Ill. 429, the court held at page 433:

"It is quite generally held that an indemnity contract will not be construed as indemnifying one against his own negligence, unless such a construction is required by clear and explicit language of the contract [citing cases], or such intention is expressed in unequivocal terms."

Applying this view to the facts, the court ruled that an indemnity contract specifically covering the negligence of a contractor in favor of the owner of the premises did not include injuries caused by the negligence of the owner's employee, stating that such a construction would impose on the

contractor the duty to indemnify against injuries entirely outside his control.

Plaintiff cites *Schek v. Chicago Transit Authority*, 42 Ill.2d 362, as standing for the proposition that Illinois no longer requires that contracts for indemnity against one's own negligence be strictly construed. However, in *Schek* it was held merely that a court faced with an indemnity clause which is clear and unambiguous must enforce the clause according to the language used and is not free to construe otherwise. This is consistent with the reasoning in *Westinghouse, supra*.

Since *Westinghouse, supra*, there have been Illinois cases which have made inroads into its view. They have held that where an indemnity clause is used which contains broad and all-encompassing language—even though silent as to the indemnitee's own negligence—the use of such language must be held to include such negligence since the parties have manifested that intention by the all-inclusiveness of the terms used. *Russell v. Shell Oil Co.*, 339 Ill.App. 168; *Northern States Co., Inc. v. A. Finkl & Sons Co.*, 8 Ill.App.2d 419; *De Tienne v. S. N. Nielsen Co.*, 45 Ill.App.2d 231; *Patent Scaffolding Co. v. Standard Oil Co.*, 68 Ill.App.2d 29; *Deel v. United States Steel Corp.*, 105 Ill.App.2d 170.

In the cited cases the indemnitee sought indemnification for injury or property damage caused by his own employee's negligence. The language used in the indemnity clauses of each contract, on a fair reading, would have to be held to include any injury or damage which arises out of the indemnitor's performance of his duties under the contract, regardless of whose negligence caused the injury or damage. In each of these clauses it was the manifest intent of the parties to include any acts which were occasioned by the indemnitee's performance of the contract, or in which such performance by him set the stage on which to carry out the negligent acts.

*Halperin v. Darling & Co.*, 80 Ill.App.2d 353, reaches a different result. There a lessor of a rental truck sued the lessee under the indemnification clause of the rental agreement which provided the latter would indemnify the lessor from any loss or liability whatsoever with respect to, arising out of, or in the course of the operation of the leased vehicle. Damage resulted to the truck from failure to maintain it in proper condition, and under the agreement the duty of maintenance was the lessor's. In denying indemnification the court stated it would be an extraordinary result to hold the lessee responsible for damage arising out of that over which he had no control without express language in the agreement to that effect. See *Bounougias v. Republic Steel Corporation* (7th Cir. 1960), 277 F.2d 726.

In the instant case, as in *Halperin, supra*, it would be an extraordinary

result to hold that the defendant, on taking a relatively small contract, had agreed to indemnify plaintiff for the latter's defective manufacture of materials used in the construction of the building without express language to that effect in the clause. Such risk was totally without defendant's control. It cannot be stated that the clause shows an intent that any damage occasioned by defendant's performance under the contract was to be included in the indemnity clause. The damage resulting from plaintiff's failure to properly produce the materials would have been the proximate cause of any damage whether or not the defendant had entered the scene.

██ Defendant correctly points out that to enforce the indemnity clause as plaintiff suggests would make defendant responsible even for plaintiff's total failure to perform under its contract with F & S. Therefore, we hold that unless the terms of the indemnity clause clearly provide that a sub-contractor is to assume the risk of negligent manufacture of materials supplied by his contractor, the indemnity clause should not be construed to include such a risk. The damage here resulted not from any negligence in the installation of the materials, but the defective manufacture of such materials by the plaintiff, and since the clause in question does not expressly provide that defendant is to assume such risk, the plaintiff is not entitled to indemnification for the resultant damage.

Other issues raised on appeal are rendered moot by our conclusion that plaintiff is not entitled to any indemnification under the clause in question. The judgment is affirmed.

Judgment affirmed.

STAMOS, P. J., and LEIGHTON, J., concur.