BURLINGTON NORTHERN RAILROAD COMPANY, Plaintiff-Appellant,
v. PAWNEE MOTOR SERVICE, INC., Defendant-Appellee.

First District (1st Division)   No. 87—1527

Opinion filed May 9, 1988.—Rehearing denied July 27, 1988.

John Newell, Kenneth J. Wysoglad, and Michael L. Sazdanoff, all of Kenneth J. Wysoglad & Associates, of Chicago, for appellant.

Jay S. Judge, Betty Gloss, and Elizabeth A. Brown, all of Judge & Knight, Ltd., of Park Ridge, for appellee.

PRESIDING JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiff, Burlington Northern Railroad Co. (Burlington), appeals from an order dismissing its declaratory judgment action brought

against defendant, Pawnee Motor Service, Inc. (Pawnee). Burlington sought a determination that pursuant to the indemnity provision contained in a Trailer Interchange Agreement (the Agreement) entered into between Burlington and Pawnee, Pawnee was required to defend and indemnify Burlington in connection with a personal injury action brought against Burlington by Pawnee's employee, Michael Favia. The trial court granted Pawnee's motion to strike and dismiss Burlington's complaint on the ground that Burlington had failed to state a cause of action. The sole issue before this court is whether the indemnity provision in the Agreement requires Pawnee to defend and indemnify Burlington in a personal injury action brought by Pawnee's employee predicated on Burlington's alleged negligence in the maintenance of its premises. For the following reasons, we reverse the judgment of the trial court and remand the cause for further proceedings.

The underlying events which resulted in this appeal are as follows. On September 23, 1983, Favia, employed by Pawnee as a truck driver, was on Burlington's premises for the purpose of picking up a tractor-trailer pursuant to the Agreement entered into between Pawnee and Burlington. While performing the required inspection of the tractor-trailer, Favia fell into a hole and suffered injuries. As a result, Favia filed a personal injury action against Burlington. Pursuant to the indemnity provision in the Agreement, Burlington timely requested that Pawnee defend and indemnify Burlington in the action filed by Favia. The indemnification provision of the Agreement provides as follows:

"8. Other Indemnification by Truck Line.

Truck line [Pawnee] shall assume all liability for, and shall defend, indemnify, and hold harmless Railway [Burlington] from and against any and all loss, liability, damages, claims, demands, costs, and expenses of whatsoever nature that may be suffered by Railway or any other person or persons, firm, corporation, or association, on account of:

a. Injury to or death of any and all persons whomsoever, including but not limited to officers, agents, or employees of Railway or Truck Line, and any and all loss or destruction of or damage to property, including the conversion thereof, to whomsoever belonging, including property owned by, rented to, or in the care, custody, or control of the parties hereto, arising out of or in any manner connected with the interchange, use or handling of trailers, or the highway movement thereof, by Truck Line under its tariffs or this agreement, or from any act or omission of Truck Line or any of its officers, agents, employ-

ees, servants, or otherwise in performing or failing to perform any of the duties on Truck Line's part under its tariffs or this agreement, or caused or occasioned in whole or in part by reason of the presence of the property of Truck Line, its officers, employees, servants, agents, or otherwise, upon or in proximity to the property of Railway, or while going to or departing from the same, whether any of the same shall be contributed to by the sole or partial negligence of Railway, its officers, employees, servants, agents, or otherwise *** ."

Pawnee rejected Burlington's tender of defense and denied that the Agreement required Pawnee to provide for the defense of Favia's action against Burlington or to pay any judgment which may be entered against Burlington. As a result, Burlington filed its declaratory judgment action.

■■ ■ Under Illinois law, contracts of indemnity against one's own negligence are generally valid and enforceable (*Halperin v. Darling & Co.* (1967), 80 Ill. App. 2d 353, 225 N.E.2d 92), provided that the indemnitor's obligations are set forth in clear and explicit language. (*Zadak v. Cannon* (1974), 59 Ill. 2d 118, 319 N.E.2d 469; *Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272; *Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.* (1946), 395 Ill. 429, 70 N.E.2d 604.) In reviewing the contract's language, courts will look to the agreement as a whole and give words their usual and customary meaning. *Marshall Field & Co. v. J. B. Noelle Co.* (1967), 81 Ill. App. 2d 409, 226 N.E.2d 454.

■ In the present case, the parties agree that the indemnification provision provides for indemnification of Burlington by Pawnee for Burlington's own negligence. The disagreement arises as to what limitations, if any, are imposed on Burlington's acts of negligence which are to be indemnified by Pawnee. Burlington argues that the indemnity provision clearly indicates that the parties intended the provision to be broad-based and to cover all aspects of the parties' relationship and to govern all conceivable conduct of both parties when transacting business under the Agreement. Burlington specifically refers to that portion of the indemnity provision which states that Pawnee "shall assume all liability for, and shall defend, indemnify and hold harmless [Burlington] from and against any and all loss, liability, damages, claims, demands, costs and expenses of whatsoever nature that may be suffered by [Burlington] *** on account of: a. Injury to *** any and all persons whomsoever, *** caused or occasioned in whole or in part by reason of the presence of the property of [Pawnee], its officers, employees, *** upon or in proximity to the property of [Burling-

ton], *** whether any of the same shall be contributed to by the sole or partial negligence of [Burlington]." Both parties agree that Favia's accident occurred while he was on Burlington's property performing services related to the Agreement.

In response, Pawnee completely ignores that portion of the indemnity provision which states that it shall assume liability to defend and indemnify Burlington for injuries caused by the presence of a Pawnee employee on Burlington property and focuses solely on the clause, "arising out of or in any manner connected with the interchange, use or handling of trailers." Pawnee then separates the clause into four parts and refers to it as the "four-pronged test of the indemnity agreement." According to Pawnee, the four prongs are: "(1) A claim must arise out of; (2) The use, handling, or interchange of a trailer; (3) By Pawnee; (4) Even if contributed to by plaintiff." In adopting this position, not only has Pawnee conveniently ignored the clause pertaining to a Pawnee employee's presence on Burlington's property, it has ignored the other three clauses of the indemnity provision. Pawnee's argument that the other clauses in the indemnification provision merely qualify the "arising out of" clause overlooks the use of the disjunctive word "or," which clearly indicates that Pawnee's liability to defend and indemnify will arise, regardless of Burlington's own negligence, when the underlying act occurs as a result of any one of the following general circumstances: (1) arising out of or in any manner connected with the interchange, use, handling or highway movement of trailers by Pawnee under its tariffs or the Agreement, or (2) from any act or omission of Pawnee or any of its officers, agents, employees, servants, or (3) from Pawnee's performance or its failure to perform any of its duties under its tariffs or the Agreement, or (4) from an act caused or occasioned in whole or in part by reason of the presence of Pawnee's property, its officers, employees, servants, agents, or otherwise, upon or in proximity to Burlington's property, or (5) while going to or departing from Burlington's property.

Pawnee further claims that because it did not cause or contribute to the hole on Burlington's premises and had no control over the maintenance of Burlington's premises, it cannot be responsible for indemnifying Burlington against an accident caused by those circumstances. In support of its argument that it cannot be responsible for damages arising out of that over which it has no control, Pawnee relies on *Halperin v. Darling & Co.* (1967), 80 Ill. App. 2d 353, 225 N.E.2d 92, and *Mesker Brothers Iron Co. v. Des Lauriers Column Mould Co.* (1972), 8 Ill. App. 3d 113, 289 N.E.2d 223. Although both

*Halperin* and *Mesker Brothers* refer to the element of control, they are factually distinguishable from the present case in that in both cases, the indemnity provisions at issue did not expressly state that the indemnitor was to indemnify the indemnitee for indemnitee's own negligence. Relying on *Halperin*, the *Mesker Brothers* court stated that "it would be an extraordinary result" to hold that the defendant was to indemnify plaintiff for a risk totally outside his control when there was no express language to that effect in the indemnification clause. (*Mesker Brothers*, 8 Ill. App. 3d at 116.) A different situation exists in the present case. Pursuant to the express provisions of the Agreement, Pawnee was aware that it would be required to indemnify Burlington even though injury was contributed to in whole or in part by Burlington's negligence.

Pawnee further argues that the Agreement was not sufficiently explicit because it did not refer to "defects in the premises." In support of this contention, Pawnee relies on *Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.* (1946), 395 Ill. 429, 70 N.E.2d 604, *Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272, *Zadak v. Cannon* (1974), 59 Ill. 2d 118, 319 N.E.2d 469, and *Halperin v. Darling & Co.* (1967), 80 Ill. App. 2d 353, 225 N.E.2d 92. Contrary to Pawnee's position, none of these cases stand for the proposition that an indemnity provision must state the specific acts of negligence to be covered in order to be effective. Rather, *Westinghouse* and its progeny stand for the proposition that an indemnity provision must clearly and unequivocably state that the indemnitor owes indemnity for the indemnitee's own negligence.

In *Westinghouse*, Westinghouse contracted to reconstruct certain elevators in defendant's building. At the request of a subcontractor, a building employee moved one of the elevators to the top floor, put it in neutral, and then left it unattended. The elevator cage broke loose from its moorings and fell to the ground. At the time the elevator broke loose, a Westinghouse employee was working on the tenth floor and had his head in the elevator shaft. The loose elevator struck him in the head, causing injuries which resulted in his death. Westinghouse paid compensation and sued to recover the amount from the building on the ground that the injury was occasioned by the negligence of one of the building's employees. In response, the building claimed that the broad provisions of the indemnity clause in the contract entered into with Westinghouse provided that Westinghouse would indemnify the building against all claims made by Westinghouse, including injuries to Westinghouse's employees received as the result of the negligence of the building's employees. The indemnity

provision stated in pertinent part:

> "[Westinghouse] further agrees to indemnify and hold the owner, the owner's employees and agents, *** wholly harmless from any damages, claims, demands or suit by any person or persons arising out of any acts or omissions by [Westinghouse], his agents, servants, or employes [*sic*] in the course of any work done in connection with any of the matters set out in these specifications, ***." *Westinghouse Electric Elevator Co.*, 395 Ill. at 432.

The supreme court affirmed the appellate court's determination that the indemnity provision did not serve to indemnify the building against its own negligence. In reaching its decision, the supreme court stated that the duty to indemnify another against injuries entirely outside the indemnitor's control could not be imposed absent clear language in the contract including injuries arising from the indemnitee's own negligence.

In the present case, Pawnee claims that pursuant to *Westinghouse*, Burlington cannot be indemnified because the indemnity provision did not explicitly refer to defects in the premises. As stated, *Westinghouse* does not require specificity as to the cause of the injury. It requires specificity only as to the indemnitor's duty to indemnify against the indemnitee's own negligence. In this regard, the indemnity provision in the Agreement unequivocally provides that Pawnee owes indemnity to Burlington even if the injury is occasioned by Burlington's own negligence.

Similarly, in *Tatar v. Maxon Construction Co.* (1973), 54 Ill. 2d 64, 294 N.E.2d 272, Tatar, a subcontractor's employee, was injured when struck by a wooden beam which fell from the top of a building where Maxon's employees were working. Tatar sued Maxon, which, in turn, filed a third-party complaint against the subcontractor predicated on the indemnification provision in the contract. The subcontractor's motion to dismiss was granted. The appellate court affirmed. The relevant indemnification provision stated, in pertinent part:

> "The Subcontractor agrees to indemnify [Maxon] and the Principal and to hold each of them forever harmless from and against all expenses, claims, suits, or judgments of every kind whatsoever, by or on behalf of any person, firm or corporation, by reason of, arising out of, or connected with, accidents, injuries, or damages, which may occur upon or about the Subcontractor's work." 54 Ill. 2d at 66.

The *Tatar* court affirmed on the grounds that the indemnity provision did not specifically provide indemnity against claims arising out

of Maxon's own negligence. In reaching this conclusion, the supreme court noted that because contractual provisions providing for indemnity are so varied, each must stand on its own language and little can be gained by attempting to analyze, distinguish or reconcile precedent. Pawnee attempts to extend the *Tatar* holding to require that specific acts of negligence be included in the indemnity provision. In our view, *Tatar* does not support this extension. In fact, the holding in *Tatar* is expressly limited to its facts, which did not include an indemnity provision providing indemnity for the indemnitee's own negligence as in the present case.

Pawnee further argues that *Zadak v. Cannon* (1974), 59 Ill. 2d 118, 319 N.E.2d 469, is controlling and dispositive of the issue. In *Zadak*, plaintiff, employed by Cyclone Blow Pipe Company, and his wife filed a four-count complaint against Sunbeam Corp. and Dale Cannon, a Sunbeam employee, for injuries sustained by Zadak while performing work at Sunbeam's plant. Zadak alleged that his injuries were the result of Cannon's negligent operation of a forklift-type truck. Sunbeam filed a third-party complaint against Cyclone based on the indemnification provision of the purchase order issued to Cyclone by Sunbeam. The trial court granted Sunbeam summary judgment against Cyclone. The appellate court affirmed. The supreme court reversed and remanded the cause for further proceedings. The indemnification provision in the contract between Sunbeam and Cyclone stated in pertinent part:

> "[S]eller also will indemnify and hold harmless the buyer of and from any and all suits, claims, liens, damages, taxes or demands whatsoever arising out of any such work covered by, necessitated or performed under this order." 59 Ill. 2d at 119.

In reliance upon *Westinghouse* and *Tatar*, the *Zadak* court refused to extend the indemnity provisions to cover Sunbeam's own negligence on the grounds that the indemnity provision did not require by clear and explicit language that Sunbeam be indemnified against its own negligence.

In the present case, Pawnee analogizes the negligent operation of the forklift truck in *Zadak* to Burlington's alleged negligent maintenance of its premises and concludes that just as the *Zadak* court refused to extend the indemnity provision to cover the negligent operation of the forklift, so should this court refuse to extend the indemnity provision to cover Burlington's alleged negligent maintenance of its premises. The error with this analogy is that the *Zadak* court confined its analysis to whether the provision covered the broader question of indemnification for indemnitee's own negligence. Because the

provision in *Zadak* did not, the court refused to place that onerous burden on Cyclone, the indemnitor. By contrast, in the present case, the indemnity provision clearly and unequivocably states that Burlington was to be indemnified for its own negligence. In fact, the provision specifically refers to situations where injuries occur as the result of a Pawnee employee's mere presence on Burlington's property. Thus, while *Zadak* may be dispositive of the issue, it does not dispose of the issue in Pawnee's favor.

For the same reason, we find *Halperin v. Darling & Co.* (1967), 80 Ill. App. 2d 353, 225 N.E.2d 92, also relied upon by Pawnee, unpersuasive of Pawnee's position. In *Halperin*, the court also addressed the situation where the indemnity provision did not expressly state that the indemnitee was to be indemnified for its own negligence.

Accordingly, we find that the indemnity provision in the Agreement clearly and unequivocably provided that Pawnee was to defend and indemnify Burlington for its own negligence and that the circumstances under which Favia's accident occurred fell within the scope of the Agreement. For the aforementioned reasons, we reverse the judgment of the circuit court of Cook County and remand the cause for further proceedings consistent with this opinion.

Reversed and remanded.

BUCKLEY and O'CONNOR, JJ., concur.