No. 3--00--0907

_________________________________________________________________

IN THE APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2002

JAMES KARSNER, ) Appeal from the Circuit Court

Plaintiff, ) for the 21st Judicial Circuit,

) Kankakee County, Illinois

v. ) 

) No. 98 L 150

LECHTERS ILLINOIS, INC., )

an Illinois Corporation, and ) Honorable

LECHTERS, INC., a New Jersey ) Fred S. Carr, Jr.

Corporation, ) Judge, Presiding

Defendants ) 

______________________________) 

(Lechters, Inc., )

Defendant and Third-Party)

Plaintiff-Appellant; )

Navajo Express, Inc., )

Third-Party Defendant;   )

Navajo Shippers, Inc., )

Third-Party Defendant- )

Appellee). )

_________________________________________________________________

JUSTICE BRESLIN delivered the opinion of the court:

_________________________________________________________________

Plaintiff James Karsner filed an action against defendants Lechters Illinois, Inc., and Lechters, Inc. (collectively, Lechters), for injuries he sustained while unloading a trailer containing Lechters' merchandise.  Lechters filed a third-party indemnity action against James’ employer, Navajo Express, Inc., and its parent company, Navajo Shippers, Inc. (collectively, Navajo).  
The trial court granted Navajo’s motion to dismiss Lechters’ action
, and Lechters appealed.  
We affirm and hold that unless there is clear and explicit language in an indemnification contract to the contrary,
 the contract will not be construed as indemnifying a party against its own negligence because such a construction is against established public policy. 

FACTS

On November 25, 1999, James drove to a Lechters store located in Aurora, Illinois, and picked up a trailer full of merchandise that had been loaded onto the trailer by Lechters at a warehouse in New Jersey.  The following day, James transported the trailer to another Lechters store located in Bradley, Illinois.  While he was unloading the trailer, a box fell from the top of a stack of boxes, struck James in the head, and injured him.

James filed an action against Lechters, claiming that it negligently loaded the trailer.  In turn, Lechters filed a third-party action against Navajo, claiming that Lechters was entitled to contribution and indemnification from Navajo and that Navajo failed to obtain liability insurance coverage as required by a contract between the parties.
  

The contract, which was drafted by Navajo, contained the following clause:

"Carrier shall indemnify and hold Lechters harmless from and against any and all claims, actions [
sic
] damages, liability and expense, including attorneys fees, in connection with loss of life, personal injury, and/or damage to property arising from or out of the pick-up, transportation and delivery of the property of Lechters by carrier, and the use of any motor vehicle or other equipment by Carrier in connection therewith."

The contract required that Navajo maintain liability and property loss insurance and that Lechters be named as an additional insured.

Navajo moved to dismiss Lechters’ complaint.  At a hearing,
 the trial court entered an order requiring that the parties brief the issue of choice-of-law first.  
Although the court never made a determination as to which state’s law was applicable, the court subsequently determined that either Illinois or New Jersey law would be appropriate.  The court also determined that the contractual language purporting to indemnify Lechters was "not sufficiently specific under either Illinois or New Jersey contract law as to indemnifying Lechters, Inc. for its own negligence."  As a result, the court granted Navajo’s motion to dismiss.  Lechters appealed.

ANALYSIS

On appeal, Lechters asserts that 
the trial court incorrectly determined that the indemnification clause was not sufficiently specific to require Navajo to indemnify Lechters for its own negligence.  
This court reviews a trial court’s construction of a contract 
de
 
novo
. 
Molter Corp. v. Amwest Surety Insurance Co.
, 267 Ill. App. 3d 718, 642 N.E.2d 919 (1994).

At oral argument, the parties agreed that the indemnification laws of Illinois and New Jersey are essentially the same and that this court should apply Illinois law to this case.  We agree with the parties and thus will apply Illinois law to our analysis.  See 
Dearborn Insurance Co. v. International Surplus Lines Insurance Co.
, 308 Ill. App. 3d 368, 719 N.E.2d 1092 (1999) (determining that in the absence of a conflict, Illinois law applies as the law of the forum)
.  

In Illinois, 
it is well settled that indemnity contracts are to be strictly construed against the indemnitee. 
McNiff v. Millard Maintenance Service Co.
, 303 Ill. App. 3d 1074, 715 N.E.2d 247 (1999).  Thus, an indemnification contract will not be construed as indemnifying against a party’s own negligence, unless such construction is required by clear and explicit language in the contract, or such an intention is expressed in unequivocal terms. 
McNiff
, 303 Ill. App. 3d at 1077,  715 N.E.2d at 249.  The intention to indemnify another for its own negligence is unusual and extraordinary, and there can be no presumption that an indemnitor intends to assume the responsibility unless the contract by express stipulation provides for such beyond a doubt.  See
 
Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp.
, 395 Ill. 429, 70 N.E.2d 604 (1946).  When interpreting indemnity contracts, the agreement between the parties must be given a fair and reasonable interpretation based upon a consideration of all the language and provisions in the contract 
Hader v. St. Louis Southwestern Ry. Co.
, 207 Ill. App. 3d 1001, 566 N.E.2d 736 (1991).
 

Based upon a fair and reasonable reading of the language in this contract, we hold that the indemnification provision is not
 
specific enough to indemnify Lechters against its own negligence.  The provision fails to contain any clear or explicit language 
communicating the parties' intention in this regard.  Although the contract states that Navajo shall indemnify and "hold Lechters harmless from and against any and all claims, actions [
sic
] damages, liability and expense
," this language is insufficient to

give Lechters indemnity for its own negligence.  See 
Westinghouse
, 395 Ill. at 433, 70 N.E.2d at 607 (providing that the language "hold *** harmless from any damages, claims, demands or suit by any person or persons arising out of any acts or omissions" was not clear and specific language rendering the subcontractor liable for the general contractor's own negligence).  See also 
McNiff
, 303 Ill. App. 3d at 1076, 715 N.E.2d at 248 (providing that the phrase, "indemnify *** from and against any and all *** liabilities," was insufficient to provide indemnification for the indemnitee's own negligence).

This decision is bolstered by our concern that an interpretation which requires Navajo to indemnify Lechters for Lechters' own negligence contravenes established public policy.  Not only have Illinois courts been reluctant to enforce provisions purporting to indemnify a party for its own negligence, Illinois statutes express similar reservations.  For instance, the Construction Contract Indemnification for Negligence Act provides that no construction contract shall allow for the indemnification of a person's own negligence because such a provision is "void as against public policy and wholly unenforceable." 740 ILCS 35/1 (West 2000).  The Managed Care Reform and Patient Rights Act provides that no person or health care provider may be indemnified for its own negligence in the performance of his, her or its duties. 215 ILCS 134/95 (West 2000).  These statutes show that, in the absence of an express agreement, it is against Illinois public policy to require indemnification for a person's own negligence.

To hold that Lechters is not liable for its own negligence in loading the boxes in its trailer directly negates Lechters' incentive to responsibly load the trailer to avoid accidents.  We do not support such a result.  
Therefore, the trial court's dismissal of Lechters' third-party action against Navajo is affirmed.

For the foregoing reasons, the judgment of the circuit court of Kankakee County is affirmed.

Affirmed.

HOMER and McDADE, JJ., concur.