FIFTH DIVISION

No. 1-07-1041

| | | |
|---|---|---|
| NICOR GAS COMPANY, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant and Cross-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 04 L 444 |
| | ) | |
| THE VILLAGE OF WILMETTE. | ) | Honorable |
| | ) | Robert Lopez Cepero, |
| Defendant-Appellee and Cross-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE FITZGERALD SMITH delivered the opinion of the court:

Plaintiff Nicor Gas Company appeals from the dismissal with prejudice, pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2006)), of its second amended complaint in its action for negligence against defendant Village of Wilmette (Village). The Village has filed a cross-appeal from the denial of its motion to dismiss pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 2006)), which was based on assertions concerning tort immunity. We have no jurisdiction to consider the Village's cross-appeal, but we affirm the section 2-615 dismissal of Nicor's second amended complaint.

According to allegations in Nicor's second amended complaint, the Village maintained and operated, at all times relevant, a subterranean water system that includes an underground water main pipe under the intersection of Poplar, 10th and Gregory Streets, and on January 10, 2003, a broken subterranean water main near that intersection caused a puncture in Nicor's gas main. Thousands of tons of water from the Village's subterranean water system were forced into the punctured Nicor gas main, allegedly damaging not only the property of Nicor and its customers,

but also causing natural gas outages to Wilmette and Evanston residents within an approximately 10-mile radius.

In 2004, Nicor first filed a two-count action for property damage against the Village in which Nicor alleged negligence and sought recovery under a theory of *res ipsa loquitur*. Shortly thereafter, the Village filed a motion to dismiss pursuant to sections 2-615 and 2-619 of the Code. Specifically, in the portion of the motion brought under section 2-619, the Village asserted that it was immune from liability because "inspecting, monitoring and replacing water mains are discretionary actions subject to immunity" under section 2-201 of the Local Governmental and Governmental Employees Tort Immunity Act (Act), and that it was immune from liability under section 3-102 of the same. See 745 ILCS 10/2-201, 3-102 (West 2006). The court granted the Village's motion to dismiss with prejudice pursuant to section 2-615 as to the allegations of negligence and *res ipsa loquitur*, finding there was no duty owed by the Village. The court also found the Village did not meet its burden under section 2-201 of the Act and had failed to establish that immunity applies.

In 2005, Nicor filed an amended complaint again raising negligence and *res ipsa loquitur*. The Village later filed a motion to dismiss pursuant to section 2-619 of the Code. That motion was denied on October 26, 2005.

In 2006, Nicor filed its second amended complaint, again including counts for negligence (*i.e.*, negligent maintenance of the water pipes and operation of the water distribution system by the Village) and *res ipsa loquitur* and adding counts for breach of contract and intentional trespass. In its breach of contract claim, Nicor alleged that the contract with the Village was

1-07-1041

formed when the Village passed Ordinance No. 94-0-66 (Village of Wilmette, Ill., Ordinance No. 94-0-66 (approved October 11, 1994)), granting it a 50-year easement (beginning in 1994) to place, maintain and operate its gas pipes under the streets of Wilmette, in consideration for which Nicor would provide gas for use by the Village. Nicor further alleged that the easement includes a right of quiet enjoyment as an implied term of the contract. Finally, Nicor alleged that the January 2003 leak of the Village's water main constituted an act of intentional trespass onto Nicor's property.

Also in 2006, the Village filed a complaint against Nicor in the municipal division of the circuit court, alleging that Nicor negligently punctured one of the Village's water mains. Nicor subsequently moved to consolidate the cases, but its motion was denied.

The Village filed a motion to dismiss Nicor's second amended complaint pursuant to section 2-615 of the Code in which it alleged that Nicor could not recover any damages for the Village's alleged "misconduct" because its contract with Nicor included a provision indemnifying it for any damages resulting from Nicor's occupation of the easement. Based on that provision, the Village also alleged that Nicor's recovery on any of the counts alleged was barred.

On November 1, 2006, the court granted the Village's section 2-615 motion to dismiss Nicor's second amended complaint. Nicor subsequently filed a motion to reconsider, which the court denied on March 14, 2007. Nicor timely filed an appeal from the orders of November 1, 2006, and March 14, 2007.

The Village subsequently filed a cross-appeal from the court's October 26, 2005, order denying its section 2-619 motion to dismiss Nicor's amended complaint.

-3-

1-07-1041

At this juncture, we note that Nicor has filed a motion in this court, which was taken with the case, to strike portions of the Village's brief.

In its motion, Nicor asks this court to strike, pursuant to Supreme Court Rule 361 (177 Ill. 2d R. 361), the portions of the Village's response brief relating to: (1) the Village's section 2-619 motion to dismiss Nicor's amended complaint; (2) the Village's factual statements drawn from sources other than Nicor's second amended complaint; and (3) "any arguments improperly made" by the Village in its statement of facts.

As to its first point, Nicor points out that its amended complaint was superseded by its second amended complaint and it asks that the arguments pertaining to the Village's section 2-619 motion to dismiss be stricken because they are no longer part of the record and are irrelevant to the current appeal. While Nicor correctly states that its amended complaint has been superseded by its second amended complaint (see, *e.g.*, Vincent v. Williams, 279 Ill. App. 3d 1, 6-7, 664 N.E.2d 650 (1996)), the Village's cross-appeal must be dismissed because we lack jurisdiction to consider it. The order from which the Village purports to appeal was entered on October 26, 2005, yet the Village filed its notice of appeal only in April 2007. Thus, the Village's notice of appeal was not timely filed. See 155 Ill. 2d R. 303(a)(1) (requiring notice of appeal to be filed within 30 days after entry of final order). Moreover, the denial of the Village's motion was not a final order and, thus, it would not have been appealable in any event. See 155 Ill. 2d R. 303(a)(1). Accordingly, because we do not have jurisdiction to hear the Village's cross-appeal, we do not consider the portions of the Village's response brief relating to the appeal of the denial of its section 2-619 motion to dismiss Nicor's amended complaint.

-4-

1-07-1041

In its motion, Nicor next contends that certain pages in the Village's statement of facts should be stricken because they are drawn from affidavits that were part of the Village's section 2-619 motion to dismiss but that are not included on the face of the second amended complaint. Specifically, Nicor objects to pages 4 through 8 of the Village's response brief which contain facts drawn from affidavits of three individuals, Brad Enright, Brigitte Mayerhofer, and Ray Ames. Nicor contends that the same pages, 4 through 8, of the response brief should also be stricken as violative of Supreme Court Rule 341 because they are argumentative. See 188 Ill. 2d R. 341(e)(6).

Nicor correctly states that the standard of review of a dismissal pursuant to section 2-615 (as well as pursuant to section 2-619) of the Code is *de novo*, making the Village's attempt to present an additional factual basis for its position irrelevant. See Neppl v. Murphy, 316 Ill. App. 3d 581, 583-84, 736 N.E.2d 1174 (2000). Nicor also correctly states that Rule 341 prohibits argument or comment in the statement of facts. See 188 Ill. 2d R. 341(e)(6). However, we need not strike the pages of the Village's brief designated by Nicor because neither the facts nor commentary contained therein plays a role in our disposition.

On appeal, Nicor first contends that the indemnification clause at issue does not indemnify the Village because the clause was not so clear, specific and unequivocal as to require indemnification of the Village for its own negligence.

As noted earlier, we review *de novo* the grant of a section 2-615 motion to dismiss. See Neppl, 316 Ill. App. 3d at 583.

Illinois law generally provides that contracts of indemnity against one's own negligence are

1-07-1041

valid and enforceable (Burlington Northern R.R. Co. v. Pawnee Motor Service, Inc., 171 Ill. App. 3d 1043, 1045, 525 N.E.2d 910 (1988)); such contracts are valid provided that the indemnitor's obligations are set forth in clear and explicit language. Burlington Northern R.R. Co., 171 Ill. App. 3d at 1045; see also Zadak v. Cannon, 59 Ill. 2d 118, 120, 319 N.E.2d 469 (1974); Tatar v. Maxon Construction Co., 54 Ill. 2d 64, 66-67, 294 N.E.2d 272 (1973).

Indemnity agreements are contracts that are subject to general rules of contract interpretation. Buenz v. Frontline Transportation Co., No. 103562, slip op. at 4 (January 25, 2008). As such, it is the parties' intent, as expressed in the contract language, that is paramount, and where the language is clear and unambiguous, it should be given its plain and ordinary meaning. Buenz, slip op. at 4.

Recently, in Buenz, our supreme court again addressed whether indemnity agreements provide indemnification for an indemnitee's own negligence. See Buenz, slip op. at 4-12. There, the court recognized that parties to a contract could indemnify a person for that person's own negligence. Buenz, slip op. at 5. The Buenz court examined its earlier holding in Westinghouse Electric Elevator Co. v. LaSalle Monroe Building Corp., 395 Ill. 429, 70 N.E.2d 604 (1946), where, holding that the indemnity contract could not apply, it noted that an indemnity contract would not be construed as indemnifying one against one's own negligence " 'unless such a construction is required by clear and explicit language of the contract [citations] or such intention is expressed in unequivocal terms.' " (Emphasis added.) Buenz, slip op. at 5, quoting Westinghouse Electric, 395 Ill. at 433.

The court briefly noted other past decisions in which it reviewed contracts that were

-6-

purported to indemnify an indemnitee for its own negligence, but concluded with an observation made earlier, that " 'it serve[s] no useful purpose to attempt to analyze or reconcile the numerous cases interpreting indemnity clauses' since each individual case 'depends upon the particular language used and the factual setting of the case.' " Buenz, slip op. at 6-7, quoting Zadak, 59 Ill. 2d at 121. The court then examined at length Karsner v. Lechters Illinois, Inc., 331 Ill. App. 3d 474, 771 N.E.2d 606 (2002), which the appellant (like Nicor here) placed reliance upon and it discussed whether the use of the phrase "any and all" in an indemnification provision was sufficient to indemnify an indemnitee for its own negligence. Buenz, slip op. at 7-12. The Buenz court criticized the decision in Karsner, where the contract contained no limiting language, and it concluded that the indemnitee there "was entitled to indemnification, even for its own negligence," but "[t]his was not, however, the Karsner court's holding." Buenz, slip op. at 9. The court noted that, as in Karsner, there have been other cases where the inclusion of the phrase "any and all" within an indemnification clause was insufficient to indemnify an indemnitee for its own negligence, but in those instances, the indemnification agreements contained limiting language expressly restricting indemnification liability. Buenz, slip op. at 9 (discussing Blackshare v. Banfield, 367 Ill. App. 3d 1077, 857 N.E.2d 743 (2006), and Hankins v. Pekin Insurance Co., 305 Ill. App. 3d 1088, 713 N.E.2d 1244 (1999)).

In the discussion, the court clarified that, contrary to the appellant's assertion, neither Blackshare nor Hankins stood for "the proposition that the inclusion of the phrase 'any and all' within an indemnification clause is insufficient to indemnify an indemnitee for its own negligence." Buenz, slip op. at 10. Those cases, according to the Buenz court, "merely stand for the

1-07-1041

proposition that when an indemnity contract expressly limits itself to the negligence of the indemnitor, courts will not strain, simply because the contract also contains 'any and all' language, to read into that contract indemnification for an indemnitee's own negligence." Buenz, slip op. at 10.

Rather, the use of the phrase "any and all" must be read in the context of the entire contract to determine whether the particular contract does, in fact, provide indemnification for an indemnitee's own negligence. Buenz, slip op. at 11. The employment of that phrase may indeed indicate that the parties intended an indemnitee be indemnified, even for the indemnitee's own negligence. Buenz, slip op. at 11; see also Economy Mechanical Industries, Inc. v. T.J. Higgins Co., 294 Ill. App. 3d 150, 155, 689 N.E.2d 199 (1997); Rios v. Field, 132 Ill. App. 2d 519, 522, 270 N.E.2d 98 (1971); Haynes v. Montgomery Ward & Co., 47 Ill. App. 2d 340, 343, 198 N.E.2d 548 (1964). To the extent that the analysis in Karsner was contrary, it was overruled. Buenz, slip op. at 12.

In the case before it, the court found the indemnification did not contain any limiting language and, thus, the express language "clearly and explicitly provide[d] indemnification for [the indemnitee's] own negligence." Buenz, slip op. at 12. The agreement was "very broad and, considering its common unambiguous meaning, encompasses even claims which arise out of [the indemnitee's] negligence." Buenz, slip op. at 12.

The agreement in the instant case, set forth in Ordinance No. 94-0-66 ("An Ordinance Authorizing Northern Illinois Gas Company, Its Successors and Assigns, to Construct, Operate and Maintain a Gas Distribution System in and Through the Village of Wilmette, Illinois") is just

1-07-1041

as clear and unambiguous. Village of Wilmette, Ill., Ordinance No. 94-0-66 (approved October 11, 1994). Section 4 of Ordinance No. 94-0-66 provides:

"The Grantee [*i.e.*, Nicor] shall indemnify, become responsible for and forever save harmless the Municipality from any and all judgments, damages, decrees, costs and expenses, including attorneys' fees, which the Municipality may legally suffer or incur, or which may be legally obtained against the Municipality, for or by reason of the use and occupation of any Public Place in the Municipality by the Grantee pursuant to the terms of this ordinance or legally resulting from the exercise by the Grantee of any of the privileges herein granted." Village of Wilmette, Ill., Ordinance No. 94-0-66 (approved October 11, 1994).

As in Buenz, the use of the "any and all" language in the indemnification clause is not accompanied by any limiting language that would "suggest that the indemnity provided is not intended to cover claims resulting from [the indemnitee's] own negligence." Buenz, slip op. at 12. Likewise, the indemnification clause here, as in Buenz, is very broad; the words "any and all" are all inclusive and do not limit the scope of the agreement. See Buenz, slip op. at 12. Under Buenz, we conclude that the express language of the parties' agreement clearly and explicitly provides indemnification for the Village's own negligence; that is, taken in their common and unambiguous meaning, the words used in the indemnification provision encompass even claims that arise out of the Village's negligence. See Buenz, slip op. at 12.

1-07-1041

Further, we reject Nicor's argument that the indemnification provision must be found void under the Construction Contract Indemnification for Negligence Act (740 ILCS 35/1 (West 2006)). Rather, we agree with the Village that Nicor's sole authority for this proposition does not apply. See Modern Steel Treating Co. v. Liquid Carbonic Industrial/Medical Corp., 298 Ill. App. 3d 349, 353, 698 N.E.2d 710 (1998) (finding that parties' contract involved alteration and repair of furnace and building, for which city construction permits were obtained; thus, it was a construction contract). Here, because the indemnification provision unequivocally requires indemnification of the Village for its own negligence, all Nicor's claims against the Village are barred (see section 4 of Ordinance No. 94-0-66: Village is held harmless from "any and all judgments, damages, decrees, costs and expenses") and, therefore, the section 2-615 motion to dismiss Nicor's second amended complaint was properly granted. Based on this disposition, we need not consider Nicor's arguments concerning its breach of contract or intentional trespass claims.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

GALLAGHER and O'MARA FROSSARD, JJ., concur.

**REPORTER OF DECISIONS - ILLINOIS APPELLATE COURT**

---

**NICOR GAS COMPANY,**

**Plaintiff-Appellant and Cross-Appellee,**

**v.**

**THE VILLAGE OF WILMETTE,**

**Defendant-Appellee and Cross-Appellant.**

---

**No. 1-07-1041**

**Appellate Court of Illinois**
**First District, Fifth Division**

**February 29, 2008**

---

**PRESIDING JUSTICE FITZGERALD SMITH delivered the**
**opinion of the court:**
**Gallagher and O'Mara Frossard, JJ., concur.**

---

**Appeal from the Circuit Court of Cook County**
**04 L 444**
**The Hon. Robert Lopez Cepero, Judge Presiding.**

---

**FOR PLAINTIFF-APPELLANT and**
**CROSS-APPELLEE:**

**Patrick G. Donnelly**
**Alexander McH. Memmen**
**Riordan, Donnelly, Lipinski & McKee, Ltd.**
**10 N. Dearborn St., 4th Floor**
**Chicago, IL 60602**

**FOR DEFENDANT-APPELLEE and**
**CROSS-APPELLANT:**

**James L. DeAno**

1-07-1041

**Howard P. Levine**
**DeAno & Scarry**
**2100 Manchester Road, Suite A-101**
**Wheaton, IL 60187**