THIRD DIVISION
September 17, 2008

No. 1-08-0636

| | | |
|---|---|---|
| MICHAEL A. DOWNS, | ) | Appeal from the Circuit Court |
| | ) | of Cook County, Illinois. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 07 L 009891 |
| | ) | |
| ROSENTHAL COLLINS GROUP, L.L.C., | ) | Honorable Dennis J. Burke, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE MURPHY delivered the opinion of the court:

On September 19, 2007, plaintiff, Michael A. Downs, filed a complaint against defendant, Rosenthal Collins Group, L.L.C., for breach of contract and declaratory judgment. Plaintiff alleged that defendant breached its Operating Agreement by failing to indemnify plaintiff for attorney fees incurred in his successful defense of claims of breach of fiduciary duty and breach of contract brought by defendant in an earlier action. Defendant filed a motion to dismiss pursuant to section 2-615 of the Illinois Code of Civil Procedure. 735 ILCS 5/2-615 (West 2004). The trial court granted defendant's motion with prejudice, finding the indemnification provision of the operating agreement did not give rise to indemnification for attorney fees. For the following reasons, we affirm the findings of the trial court.

## I. BACKGROUND

In 1997, plaintiff became chief executive officer and a member of defendant company. As such, plaintiff was entitled to the rights and privileges of defendant's operating agreement. On February 3, 2004, defendant filed the underlying complaint asserting claims of breach of fiduciary duty and breach of contract against plaintiff. Plaintiff asserted his own claims against defendant, which in turn filed counterclaims. Plaintiff successfully moved to dismiss defendant's original claims and two counterclaims. One additional counterclaim was subject to plaintiff's motion for summary judgment at the time of the instant complaint.

Defendant denied plaintiff's request for indemnification for his defense of these claims and counterclaim. On September 19, 2007, plaintiff filed the instant action, asserting breach of contract claims and a declaratory action seeking a declaration he was entitled to indemnification for his defense of these claims and the counterclaim. Plaintiff asserted that the operating agreement provided for indemnification for the defense of claims arising out of activities undertaken for defendant company.

Sections 21.1 and 21.2 of the operating agreement constitute the sole liability and indemnification provisions and state in full:

"21.1 A Member shall not be liable, responsible or accountable, in damages or otherwise, to any other Member or to the Company for any act performed by the Member within the scope of the authority conferred hereunder by Unanimous Approval, except for fraud, gross negligence or an intentional breach of this Agreement.

21.2 The Company shall indemnify each Member for any act performed by such Member with respect to Company matters permitted by this Agreement and/or Majority Approval, but in no event for fraud, willful misconduct, negligence or an intentional breach of this Agreement."

Plaintiff asserted that all actions underlying the complaint were taken with respect to company matters. Furthermore, plaintiff claimed that as the claims were dismissed as factually and legally without merit, he was entitled to indemnification for all sums expended in defense of the claims pursuant to section 21.2.

There was no dispute that plaintiff was a member of the company and entitled to the protections of these sections of the operating agreement. However, defendant filed a section 2-615 motion to dismiss arguing that plaintiff failed to sufficiently plead a cause of action. Defendant argued that section 21.2 did not specifically provide for indemnification for attorney fees and that plaintiff's complaint was therefore insufficient at law.

The trial court considered the parties' briefs on the motion and entered an order granting dismissal. The trial court noted that is well-settled in Illinois that indemnity contracts must be strictly construed. *McNiff v. Millard Maintenance Service Co.*, 303 Ill. App. 3d 1074, 1077 (1999). Furthermore, the trial court noted that Illinois cases have established that attorney fees are only recoverable pursuant to an indemnity contract if such terms are specifically provided for within the contract. Citing *Nalivaika v. Murphy*, 120 Ill. App. 3d 773, 777 (1983); *Bartsch v. Gordon N. Plumb, Inc.*, 138 Ill. App. 3d 188, 204 (1985).

Strictly construing the express language of section 21.2 of the operating agreement, the

trial court found that it did not specifically allow for recovery of attorney fees. The trial court found that *McNiff*, *Nalivaika* and *Bartsch* clearly require specific terms and addressed the issue of the case. Therefore, the trial court opined that a review of plaintiff's citations to persuasive authority from foreign jurisdictions was unavailing. Viewing plaintiff's allegations in a light most favorable to plaintiff, the trial court concluded that no set of facts could be proven to overcome the requirements of Illinois law. Plaintiff now appeals the trial court's dismissal.

## II. ANALYSIS

A motion to dismiss under section 2-615 of the Code of Civil Procedure challenges the legal sufficiency of a complaint based on facial defects of the complaint. *Borowiec v. Gateway 2000, Inc.*, 209 Ill. 2d 376, 413 (2004). We follow a *de novo* review of a trial court's ruling on the sufficiency of a motion to dismiss. *Gallagher Corp. v. Russ*, 309 Ill. App. 3d 192, 196 (1999). While we must view the allegations in the complaint in a light most favorable to the plaintiff, we may affirm the decision to dismiss a case on any basis contained within the record. *Gallagher Corp.*, 309 Ill. App. 3d at 196.

Plaintiff argues that the trial court erred in dismissing his complaint under section 2-615. He contends that the broad indemnification provision of the operating agreement includes attorney fees. Plaintiff asserts that the lack of any limit on the types of costs, fees or expenses that may be indemnified, demonstrates that attorney fees were not intended to be excluded. Alternatively, plaintiff asserts that the trial court improperly applied the rules of contract interpretation and should have interpreted the ambiguity against defendant or allowed parol evidence to properly discover the parties' intent in forming the indemnification provisions.

No. 1-08-0636

Plaintiff argues that the specific terms of section 21.2 merely exclude indemnification for acts of fraud, willful misconduct, negligence or an intentional breach of the operating agreement. Despite this clear limitation, plaintiff notes there is a lack of any limitation with respect to the types of costs indemnified. Accordingly, plaintiff concludes that the parties' intent to include such expenses was clear and the trial court violated the cardinal rule of contract interpretation by requiring specific language to grant indemnification for attorney fees.

Plaintiff argues that the recent decisions in *Buenz v. Frontline Transportation Co.*, 227 Ill. 2d 302 (2008), and *Nicor Gas Co. v. Village of Wilmette*, 379 Ill. App. 3d 925 (2008), support his argument. Plaintiff contends that each case allowed for an indemnification obligation based on general language in an indemnity contract. He concludes that these cases confirm that the trial court erred in ignoring the persuasive authority of federal cases cited below that specific language is not necessary to award attorney fees.

While we agree with plaintiff's conclusion that *Buenz* and *Nicor Gas* support the assertion that indemnity agreements are to be analyzed like any contract and that broad language may allow indemnification, we disagree that these cases require reversal of the trial court. Neither of these cases involved the issue of attorney fees. Therefore neither support overcoming the "American Rule" that requires specific statutory or contractual authority to receive an award of attorney fees. *Baksinski v. Northwestern University*, 231 Ill. App. 3d 7, 12 (1992). This rule extends to indemnification agreements as any other contract. *Nalivaika*, 120 Ill. App. 3d at 777.

Both *Buenz* and *Nicor Gas* involved determinations that where language is clear and unambiguous, the court must apply the common meaning to support the intent of the parties.

-5-

Each case involved the question of whether the very broad language "any and all claims" in an agreement provided indemnification for an indemnitee's own negligence. *Buenz*, 227 Ill. 2d at 308-319; *Nicor Gas*, 379 Ill. App. 3d at 931-32. The *Buenz* court reiterated that because each indemnity clause depends upon its particular language and factual setting, attempts to analyze or reconcile other cases serves no real purpose and an individual review is necessary. *Buenz*, 227 Ill. 2d at 310-311; *Nicor Gas*, 379 Ill. App. 3d at 931-32. In both of these cases, the reviewing courts found that broad and general language, with no limiting language, could support a finding of indemnification.

In *Buenz*, our supreme court considered whether the language "any and all claims, demands, actions, suits, proceedings, costs, expenses, damages, and liability, including without limitation attorney's fees . . ." included indemnification for one's own negligence. *Buenz*, 227 Ill. 2d at 306. The *Buenz* court found that no statute limited indemnification from one's own negligence in the industry involved as existed in the construction and healthcare fields. *Buenz*, 227 Ill. 2d at 319. Furthermore, the indemnification provision did not contain language that limited the type of claims indemnified. Rather it was specifically and clearly inclusive of all claims to provide coverage for the indemnitee's own negligence. *Buenz*, 227 Ill. 2d at 318-19.

*Nicor Gas* followed *Buenz* and similarly found contract language expressed the parties' intent to provide indemnification. The specific language considered by the court provided for indemnification "from any and all judgments, damages, decrees, costs and expenses, including attorneys' fees . . ." *Nicor Gas*, 379 Ill. App. 3d at 931. Although the "any and all" verbiage was "very broad," the *Nicor Gas* court followed *Buenz* in finding it to be all inclusive without any

limiting language or statutory scheme applicable to limit the scope of the agreement. *Nicor Gas*, 379 Ill. App. 3d at 933.

Although only lightly touched on by the parties, the closest case to this case that this court reviewed also supports the trial court's conclusion. In *McNiff*, this court considered the question of an attorney fee claim with respect to an indemnification agreement that required a contractor "to protect, defend, indemnify and hold harmless . . ." the owner of a property. *McNiff*, 303 Ill. App. 3d at 1076. Following the well-settled rule of strict construction of indemnity agreements, the *McNiff* court seized on the use of the word "defend" to conclude that the provision of attorneys or payment for a defense was required under the agreement. *McNiff*, 303 Ill. App. 3d at 1081. In this case, there is no such language in the operating agreement for this court to find the parties' intent to include attorney fees.

The general rule of inclusion from broad indemnification language in *Buenz* and *Nicor Gas* does not save plaintiff's claim. The key factor distinguishing this case from *Buenz* and *Nicor Gas* is the line of cases cited by the trial court and defendant. As the trial court noted, as in any other contract, an indemnification agreement must be strictly construed with respect to attorney fee awards. Plaintiff's conclusion that the broad language of the operating agreement must be read to include attorney fees does not comport with this well-settled rule of construction. Accordingly, unlike *Buenz* and *Nicor Gas* there is a limitation that requires rejecting such a broad interpretation as plaintiff claims is required.

As noted by the fourth district of this court, while attorney fees can be a substantial expense and important consideration when entering into an agreement, the well-settled bright line

rule on this issue provides certainty in the law and parties are on notice to include precise language on attorney fees when negotiating a contract. *Negro Nest LLC v. Mid-Northern Management*, 362 Ill. App. 3d 640, 649-51 (2005). That was not accomplished in this case and the trial court properly applied the settled rules of contract interpretation with respect to attorney fees. The instant indemnification provision is even broader than any of the provisions considered in the cases above. The trial court properly determined that this was fatal for plaintiff's claim under Illinois law. Remand for presentation of parol evidence to determine the parties' intent is unnecessary as the language of the operating agreement would remain insufficient to provide for attorney fees.

### III.  CONCLUSION

For the foregoing reasons, the finding of the trial court is affirmed.

AFFIRMED.

Theis and Quinn, JJ., concur.

No. 1-08-0636

| Please Use Following Form: | |
|---|---|
| Complete TITLE of Case | MICHAEL A. DOWNS,,      Plaintiff-Appellant, <br><br> v. <br><br> ROSENTHAL COLLINS GROUP, LLC., <br><br>      Defendant-Appellee. |
| Docket No. <br><br> COURT <br><br> Opinion Filed | Nos. 1-08-0636 <br> Appellate Court of Illinois <br> First District, THIRD Division <br><br> September 17, 2008 <br> (Give month, day and year) |
| JUSTICES | PRESIDING JUSTICE MURPHY delivered the opinion of the court: <br><br> Theis and Quinn, JJ.,      concur [s] <br><br> dissent[s] |
| APPEAL from the Circuit Ct. of Cook County, Chancery Div. | Lower Court and Trial Judge(s) in form indicated in the margin: <br><br> The Honorable   Dennis J. Burke  , Judge Presiding. |
| For APPELLANTS, John Doe, of Chicago. <br><br> For APPELLEES, Smith and Smith of Chicago, Joseph Brown, (of Counsel) <br><br> Also add attorneys for third-party appellants or appellees. | Indicate if attorney represents APPELLANTS or APPELLEES and include attorneys of counsel. Indicate the word NONE if not represented. <br><br> Attorney for **Plaintiff-Appellant**:      Steven C. Florsheim, Daniel A. Shmikler, Michael G. Dickler <br> Sperling & Slater, P.C. <br> 55 W. Monroe St., Suite 3200 <br> Chicago, IL 60603 <br> Phone: (312) 641-3200 <br><br> Attorneys for **Defendant-Appellee:**      Jeffrey Schulman <br> Wolin, Kelter & Rosen, Ltd. <br> 55 W. Monroe Street, Suite 3600 <br> Chicago, IL 60603 <br> Phone: (312) 424-0600 |